Commonwealth ·v. Carter.

CASE 91—INDICTMENT—SEPTEMBER 14

# Commonwealth v. Carter.

### APPEAL FROM GRAVES CIRCUIT COURT.

AIDERS AND ABETTORS MAY BE PUNISHED AS PRINCIPALS under a statute creating a felony, unless it is plain from the nature of the offense that the intent of the statute is to inflict punishment only on the person actually committing the offense.

Under the statute providing for the confinement in the penitentiary " of any person " who shall feloniously break into a store-house with intent to steal, aiders and abettors may be punished as principals.

Stamper v. Commonwealth, 7 Bush, 612, overruled.

W. J. HENDRICK, ATTORNEY GENERAL, AND H. J. MOOREMAN FOR APPELLANT.

There is a lack of harmony in the decisions of this court upon the question presented in this case, and the court is asked to review the cases and determine whether Stamper v. Commonwealth, 7 Bush, 612, is to be applied to all such statutes, or is to be restricted or is overruled. (Ward v Commonwealth, 14 Bush, 233; Evans v. Commonwealth, 11 Ky. Law Rep., 574; Mullins v. Commonwealth, 14 Ky. Law Rep., 569.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

An indictment was returned in the Graves Circuit Court against Mark Hubbard and two others, charging them with breaking into the store-house of one Boaz. The testimony showed that Hubbard took the window of· the house out and his confederates stood watch a short distance from the store-room, and when the goods were removed by Hubbard, Carter and James, two confederates, took charge of them.

There was a separate trial demanded, and Ed Carter being first tried was acquitted upon a peremptory instruction based upon the case of Stamper v.. Com-

monwealth, 7 Bush, 612. There can be no doubt of
the correctness of the rule that, in statutory offenses,
where the plain intent of the statute is to inflict pun-
ishment only on the person actually committing the
offense, others can not be brought within its provisions
as principals upon proof that they were aiders and
abettors. The case of Frey v. Commonwealth, re-
ported in 83 Ky., 191, was an indictment under a
statute enacted to prevent the destruction of bastard
children by the mother. The statute reads: "If any
woman be delivered of any issue of her body, which,
being born alive, would be a bastard, shall endeavor
* * * to conceal the birth thereof, * * * she
shall be confined in the penitentiary," &c. (Gen.
Stats., chap. 29, art. 4, sec. 14.) This statute was in-
tended to apply alone to the mother, and illustrates
the distinction between the cases.

In Evans v. Commonwealth, 11 Ky. Law Rep.,
573, the statute provided that "if any one shall will-
fully and unlawfully burn" any house whatever, he
shall be confined in the penitentiary. This statute
was held to apply to aiders and abettors. Those
who were present aiding and abetting in such cases
are as much principals as the ones applying the
torch or entering the building, and the doctrine of
Stamper v. Commonwealth makes the rule too broad
when saying that, where the offense is created by
statute against one actually committing the offense,
those aiding and abetting are not amenable as prin-
cipals to its provisions. There is as much reason
for punishing the aiding and abetting in a felony
created by statute as there is if a felony at common

law.    So the doctrine of Stamper v. Commonwealth is overruled; but where in cases it is plain from the nature of the offense made a felony by statute, that its provisions were only intended to affect the party actually committing the offense, the doctrine of Stamper v. Commonwealth should apply.

As this is an appeal by the Commonwealth, the clerk is directed to certify the opinion to the court below.