## Logan v. Commonwealth.

(Decided April 27, 1920.)

### Appeal from Carter Circuit Court.

1. **Homicide—Arrest—Instruction on Prosecution of Deputy Sheriff for Murder.**—In a prosecution of a deputy sheriff for murder of a woman while engaged in a difficulty with her husband, where it did not appear that the husband's pistol was concealed, or that he had theretofore attempted to use it, evidence that the deputy sheriff said, "You have a pistol; give it up," did not entitle him to an instruction on his right to arrest the husband, no crime having been committed in his presence, and the circumstances not being sufficient to show that he even intended to arrest the husband, much less that the husband knew or was informed of such intention.

2.  Homicide—Appeal and Error—Evidence—Character of One with
    Whom Accused is Engaged in Difficulty at the Time of the Homi-
    cide of Another.—In a prosecution for homicide the Common-
    wealth contended that the accused either shot the deceased in-
    tentionally, or shot her accidentally while shooting at her hus-
    band. The accused claimed that he did not shoot the deceased
    at all, but if he did shoot her, he shot her while acting in self
    defense as against the husband. The husband testified that he
    fired the first shot, but not until after the accused had attempted
    to draw his pistol: Held, that the reputation of the husband as
    a violent and dangerous man was admissible on the question
    whether the accused believed, and had reasonable grounds to
    believe, that he was then and there in danger of death or great
    bodily harm at the hands of the husband, and the case being
    a doubtful one on the facts, the rejection of such evidence was
    prejudicial error.

WOLFORD & LITTLETON for appellant.

J. M. WAUGH, T. S. YATES and CHARLES I. DAWSON, Attor-
ney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Ledford Logan, who was indicted for the murder of
Sarah King, was found guilty of manslaughter and his
punishment fixed at three years' confinement in the state
reformatory. He appeals.

At the time of the homicide appellant was a deputy
sheriff of Carter county, and he and the Kings were
neighbors. A day or two before the difficulty, their chil-
dren had had some trouble at school. According to ap-
pellant, he and Thomas King, the husband of the de-
ceased, adjusted the trouble by agreeing to correct their
children and let the matter drop. On Thursday, the day
of the tragedy, King and his wife passed appellant's
house on their way for a load of lumber. On their sec-
ond trip they passed by appellant's house and then
stopped. According to King, appellant, who had come
out on the road, carried a pistol in his hand behind him.
King and his wife then got off the wagon, and Mrs. King
started towards appellant. Mrs. King tried to persuade
appellant to put his pistol back in his pocket. While ad-
mitting that he shot first, King says that he did not shoot
until he saw appellant make an attempt to use his pistol.
At that time Mrs. King was ten or twelve feet away from
appellant. King says that appellant, who was lying on

his face, rose up on his knees and aimed and fired at Mrs. King, who faced him. During the difficulty four or five shots were fired by each of the parties. Mrs. King made a dying declaration, in which she stated that she had her face to appellant and her back to her husband, and that appellant shot her. On the other hand appellant testified that he was preparing to go across the road to fix his wagon. On seeing the Kings he waited for them to pass, and then started toward his wagon. When he reached the road, Mrs. King got off the wagon and came towards him with a rock in her hand. Then Tom King got off the wagon and came back. Tom jerked out his revolver. When Tom pulled out his pistol appellant said, "You have a pistol; give it up," and started to take it out of his hand. When Mrs. King was shot, she was facing her husband and appellant was lying on the ground, face downward. Other witnesses present corroborated appellant on this point. Mrs. King was shot in the stomach, and the bullet, which lodged in her back, went straight through, which could not have occurred if appellant had been lying on his face. There was also evidence to the effect that King was using a 32 Iver-Johnson revolver with a short cartridge, loaded with black powder and a lead bullet, and that appellant was using a 32 special Smith & Wesson revolver with a long cartridge, loaded with smokeless powder and a steel ball with a copper jacket, and the post-mortem showed that Mrs. King was shot with a 32 short leaden bullet. Just as soon as the firing was over Tom King left the scene of the difficulty and went after his team. Upon his return he asked his wife who shot her, and also stated that he did not know for sure that she had been shot. King was also indicted for the murder.

It is first insisted that the court erred in not giving an instruction defining appellant's duties as a deputy sheriff and his right to arrest Thomas King, who, it is claimed, was committing an offense in his presence. In our opinion the difficulty was simply a personal one between the parties. It does not appear that the pistol was concealed, or that King attempted to use it before appellant requested him to give it up. Under these circumstances, King did not know that he had committed an offense in appellant's presence, and the mere request for the pistol did not show that appellant intended to arrest him, much less that King was informed of, or knew of

such intention. It follows that appellant was not entitled to an instruction on the question of arrest.

Another ground urged for reversal is the refusal of the trial court to permit appellant to show King's reputation as a violent and dangerous man. We have frequently held that the reputation of the deceased in this respect is admissible in homicide cases. Lucas v. Commonwealth, 141 Ky. 281, 132 S. W. 416; Trabune v. Commonwealth, 17 S. W. 186, 13 Ky. L. Rep. 343; Ferrell v. Commonwealth, 23 S. W. 344, 15 Ky. L. Rep. 321. The theory of the Commonwealth was that appellant either shot Mrs. King intentionally, or shot her accidentally while engaged in a difficulty with her husband. Hence, if appellant shot at King and missed him, and accidentally struck Mrs. King appellant was entitled to an acquittal if he acted in his necessary or apparently necessary self-defense as against King. Though King claims that he fired the first shot, he says that he did not fire until he saw appellant attempt to draw his pistol. Under these circumstances, evidence that King's reputation was that of a violent and dangerous man was just as material on the question whether the appellant believed, and had reasonable grounds to believe, that he was then and there in danger of death or great bodily harm at the hands of King, as it would have been if King, and not his wife, had been killed, and since the case is a close one on the facts, we regard the exclusion of such evidence as prejudicial error.

In instruction No. 1, the court told the jury in substance to find appellant guilty of wilful murder if they believed from the evidence, beyond a reasonable doubt, that before the finding of the indictment he did "unlawfully, wilfully, feloniously, and of his malice aforethought, shoot and wound Sarah King, or shoot at Thomas King and missed him, but hit Sarah King," etc. In view of another trial we deem it proper to say that the words, "unlawfully, wilfully, feloniously and of his malice aforethought," should be repeated after the word, "or," and before the word, "shoot," in the clause, "or shoot at Thomas King and missed him," so that the jury may clearly understand that before they can convict appellant of murder on the ground that he shot at Thomas King and hit Sarah King, they should further believe that he unlawfully, wilfully, feloniously and of his malice aforethought, shot at Thomas King. For the

same reason, the qualifying words, "without malice, did wilfully and feloniously, in sudden affray, or in sudden heat and passion" in the instruction on manslaughter, should be repeated after the word, "or," and before the word, "shoot," in the clause, "or shoot at Thomas King and missed him."

In view of a similar provision in the manslaughter instruction it would also be well to incorporate in the instruction on murder the words, "not in his necessary or apparently necessary self-defense, as defined in instruction No. 5."

Judgment reversed and cause remanded for a new trial consistent with this opinion.