## Commonwealth v. Inman.

(Decided October 5, 1928.)

### Appeal from Whitley Circuit Court.

1. Homicide.—In murder case, commonwealth, to establish corpus delicti, must prove by facts and circumstances fact of death and criminal agency as cause thereof, since "corpus delicti" consists of two fundamental facts: Death of person alleged to have been murdered, and existence of criminal agency as cause thereof.
2. Homicide.—Where corpus delicti was not established by satisfactory evidence in prosecution for murder, in that criminal agency as cause of death was not sufficiently shown, refusal to instruct on murder and manslaughter held not error.

J. W. CAMMACK, Attorney General, S. H. BROWN, Assistant Attorney General, and STEPHENS & STEELY for appellant.

J. B. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Certifying the law.

The appellee, Red Bill Inman, his son Shorty Inman, and Kaiser Cavins were jointly indicted in the Whitley circuit court for the murder of Andy Smith. The appellee was tried separately, and the court refused to give any instruction on murder or voluntary manslaughter, but gave an instruction on assault and battery. The jury failed to reach a verdict, and the commonwealth, conceiving that it was entitled to an instruction on murder and manslaughter, prosecutes this appeal for the purpose of having the law certified.

Smith's body was found near his home in South Corbin about dusk on July 10, 1927. Smith was addicted to the use of intoxicating liquors, and the persons who

found his body and carried it to his home were of the opinion at the time that he was drunk. It was soon ascertained that he was dead. Two physicians were immediately called, and the body of the deceased was examined by them, and the coroner held an inquest on the same evening.

The evidence discloses that Inman resided in Tennessee but made frequent visits to Corbin, Ky., and was intimately acquainted with the deceased. On the day that Smith died, he and Inman were together during most of the afternoon. The widow of the deceased testified that Inman came to her home, and that he and her husband left together; that later she saw three men cross the railroad tracks in front of her house and disappear over the bank; and that some time thereafter she saw three men scuffling near the point where the body of her husband was found, but she was unable to recognize her husband or Inman as being engaged in the scuffle, but one of the men afterwards walked upon the railroad tracks, and she recognized him as Cavins. A number of witnesses testified as to marks found upon the body of the deceased. His lip was cut and a bruise was found on his body. Several testified as to two or three marks on his neck, and some of them expressed the opinion that these marks resembled finger prints.

It is the theory of the commonwealth that the deceased was strangled. No witness testified that the injuries described by them were of a serious nature, or that they would have produced death. No witness was introduced who qualified himself to express an opinion as to the cause of Smith's death. It is significant that the commonwealth failed to introduce either of the physicians who examined the body immediately after its discovery or the coroner or the undertaker. It is reasonable to suppose that any of these men would have been qualified to express an opinion as to whether or not the injuries found upon Smith's body were such as would reasonably have caused his death.

The trial court apparently refused to give an instruction on murder and manslaughter on the theory that the corpus delicti had not been established. In cases of murder the corpus delicti consists of two fundamental facts: First, the death of the person alleged to have been murdered, and, second, the existence of criminal agency as the cause thereof. Smith v. Commonwealth, 148 Ky. 60, 146 S. W. 4; Levering v. Commonwealth, 132 Ky. 666,

117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140. To establish the corpus delicti in a homicide case, it is incumbent upon the commonwealth to prove by facts and circumstances the fact of the death of a person and the criminal agency of another person as the cause thereof. In other words, it takes both the fact of death and criminal agency to constitute a crime. One of the necessary constituents of the corpus delicti, to wit, the death of Smith, was established; but the fact that the death was produced by the criminal agency of another person was not proved by evidence which would justify the jury in concluding that Smith's death resulted from the effects of wounds unlawfully inflicted. The corpus delicti, or the fact that a crime has been committed, must be established by satisfactory evidence before the accused can be put upon his defense. Here one of the essential elements necessary to complete proof of the corpus delicti is absent, and the trial court did not err in refusing to instruct the jury on murder and manslaughter.

The foregoing is certified as the law of the case.