## Lucas v. Commonwealth.

(Decided Dec. 15, 1933.)

ROSE & STAMPER, LEEBERN ALLEN and C. E. TYREE for appellant..

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Robert Lucas had an affray with Thurman Coomer and Ova Lee Coomer, at a place called Tallega, in which he shot and wounded both of them. Thurman died almost immediately, but Ova Lee Coomer recovered. When tried for the murder of Thurman, Lucas pleaded self-defense and was acquitted. When tried for the malicious wounding of Ova Lee, Lucas was convicted, his punishment was fixed at one year in the penitentiary, and he has appealed.

The evidence was that about eight years before Lucas had some trouble with these men, but that seems to have been adjusted and to have had nothing to do with this shooting. Lucas was shown to have cut Thurman's hair about a week before this shooting, but there is no evidence that hair-cut occasioned this brawl.

On the day of the shooting, the Coomers met Lucas. Thurman was drinking, and proposed to give Lucas a drink, but Lucas declined. Thurman searched Lucas, and, finding no pistol upon him, proposed to let Lucas have a pistol, which Lucas declined to accept. Thurman then drew another pistol and punched Lucas with it several times, but Lucas turned away and walked into a store kept by Leslie Kilbourn, followed by two other men and by the Coomers.

For a time they stood about the stove, then Thurman bought something, and the Coomers started home, Lucas took a pistol out of Walter Clamese's holster, and started out with this pistol in his hand, and on reaching the door pointed this pistol at Thurman, whereupon Ova Lee started away, and Lucas then pointed the pistol at Ova Lee and commanded him to come back which he did.

About that time Lucas began shooting at Thurman, and, after Lucas had shot twice, Thurman began shoot-

ing at Lucas, and again Ova Lee Coomer started away, whereupon he testifies Lucas turned and shot him, the ball striking him in the left hip and coming out of his body in front. Kilbourn, the keeper of the store, testifies that, after Lucas had shot Thurman twice, he turned and shot once in the direction of Ova Lee Coomer.

After the shooting was over, there were four wounds in the body of Thurman Coomer and one in the door facing. Lucas claims all these shots were fired by him, and there were but five empty shells in the pistol he was using, hence it was impossible, so he argues, for him to have shot Ova Lee Coomer, and he argues that Ova Lee was shot by Thurman Coomer. Thurman had two pistols, from one of which four shots had been fired and two from the other. Lucas was standing in the doorway, and the shots fired by Thurman Coomer entered the store. Kilbourn looked for the holes made by the bullets that entered the store and testified, ''We found what we thought was seven holes.''

Lucas argues that he has accounted for all five of the bullets he fired, and therefore he could not have shot Ova Lee, and the commonwealth argues it has accounted for all six of the shots fired by Thurman Coomer, and therefore Thurman could not have shot Ova Lee. We do not have to solve this problem, that was for the jury, but it is possible that one ball may have entered the body of Thurman Coomer, passed through that part, and entered at another place; for example, a bullet might go through a man's left arm, then through his body, then through his right arm, and thus make three wounds. In like manner one of these balls that entered the store may have gone through two or more of the hat boxes. All that was for the jury, and it cannot be said the evidence does not sustain the verdict.

Lucas testifies he never saw Ova Lee Coomer while he was shooting, and did not shoot him or shoot at him. His counsel now argues that, if Lucas shot Ova Lee, he did so accidentally while he was shooting at Thurman, and the court erred in not giving an instruction on accidental or unintentional shooting. The court properly instructed the jury upon the defendant's right to defend himself against both Ova Lee Coomer and Thurman Coomer.

Defendant argues that, as he has been tried and acquitted for shooting Thurman Coomer, his right to shoot him when and as he did is res judicata. So far as shooting Thurman Coomer is concerned, that is true, but he is now being tried for shooting Ova Lee Coomer, and the question of his right to shot at both the Coomers in defense of himself was properly submitted.

Lucas cites the case of Logan v. Com., 187 Ky. 793, 220 S. W. 742, where the facts were similar, but that judgment was reversed for an error in the evidence. The same is true of Gillis v. Com. 202 Ky. 821, 261 S. W. 591, and the same is true of Rooney v. Com., 193 Ky. 723, 237 S. W. 403.

The case of Wireman v. Com., 211 Ky. 495, 277 S. W. 822, 825, and Shelton v. Com., 145 Ky. 543, 140 S. W. 670, 671, are more nearly in point, but, when we examine them, we find they are not so.

In the Wireman Case this is taken from the opinion:

"It is the appellant's theory that after he passed these men they all bunched together again; that he was unable in the excitement to distinguish which one of this bunched group of men was firing and throwing rocks at him; that although Abe Wireman was not committing any hostile demonstration towards him, he could not ascertain this under the circumstances here present; that he intended to defend himself only as against those who were attacking him; and that if Abe Wireman was not attacking him, then the shot which hit him was, so far as appellant was concerned, accidental and not intentional. On this theory, appellant insists that he was entitled to an instruction on accidental killing in connection with his right of self-defense against those who were attacking him. In this, he is correct."

This is taken from the opinion in the Shelton Case:

"As there was some evidence furnished by the testimony of appellant and his witnesses that he did no shooting until after Wm. Pigg, George Merrill, and David Bolin commenced to shoot at him, and that David Bolin while shooting was in the pike in the rear of Martha Pigg, this evidence, though contradicted by that of the commonwealth, entitled appellant to an instruction submitting to the jury

the question whether the killing of Martha Pigg was an accident.''

In these cases it was possible for the jury to believe the evidence for the appellants and also believe the shooting of Abe Wireman and Martha Pigg was unintentional. That is not true in this case. The two witnesses who testify for the commonwealth regarding the shooting of Ova Lee Coomer, testified that Lucas turned to his left, away from Thurman Coomer, and shot at Ova Lee Coomer as he was in flight. The location of the wound supports their testimony. The defendant testifies he did not shoot Ova Lee or shoot at him, and attempts to locate the bullets he fired. The testimony of the only other witness who saw the shooting indicates that it was not Lucas but Thurman Coomer who shot Ova Lee. There is no witness whose testimony gives the slightest indication that Lucas in shooting at Thurman Coomer unintentionally or accidentally shot Ova Lee Coomer. To have given an instruction on that view of the case would have been equivalent to inviting the jury to guess that it did so happen without any evidence that it did; hence there was no error in not giving such an instruction.

The judgment is affirmed.