## Kinder v. Commonwealth.

(Decided Feb. 25, 1936.)

H. H. OWENS for appellant.

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.
This case is here a second time. The opinion on the prior appeal was rendered October 1, 1935, and is reported in 260 Ky. 534, 86 S. W. (2d) 297.

On his first trial, appellant was convicted of the crime of manslaughter, and sentenced to a term of 21 years in the penitentiary. The judgment was reversed because of the admission of incompetent evidence and improper conduct of the commonwealth's attorney during the cross-examination of the accused. On his second trial, the accused was again convicted of the crime of manslaughter, and his punishment fixed at confinement in the penitentiary for a term of 15 years. He now insists that the evidence is not sufficient to sustain the verdict, and that the trial court erred in overruling his motion for a continuance. He also complains of the conduct during the trial of the trial judge and the commonwealth's attorney.

The evidence for the commonwealth at the two trials was substantially the same. In brief, it showed that appellant and Claude Leddington had a difficulty at a filling station near Barbourville, during which appellant struck Leddington with a bottle. Leddington left and soon returned with his brother, Grant Leddington. Appellant also left the filling station, but returned in a few minutes in a truck with Harvey Cain and John Bain. When the truck stopped, Grant Leddington approached it and asked Kinder for a match. The shooting started immediately. Twelve or fifteen shots were fired, and both of the Leddingtons were killed. There was no evidence that either of them had a pistol, or fired a shot. Appellant was seen with an automatic pistol in his hand immediately after the shooting, and was heard to say that he had killed one person and would kill another. The facts are fully stated in the opinion on the first appeal.

At the first trial appellant testified in his own behalf, and introduced nineteen witnesses in an effort to

sustain his plea of self-defense. At the second trial no evidence was introduced in his behalf. There was ample evidence tending to show that appellant took part in the shooting that resulted in the death of Grant Leddington, for whose slaying he was indicted, and that the killing was without justification. The question of his guilt or innocence was purely one for the jury, and its verdict is sustained by the evidence.

It is argued for appellant that there is no testimony that he killed Grant Leddington, and that the evidence for the commonwealth shows conclusively that another person did the shooting. This is deduced from the fact that Grant Leddington was shot four times in the back, and one or two witnesses stated that the deceased was facing the appellant when he was shot.

Appellant was jointly indicted with Harvey Cain and John Bain for the murder of Grant Leddington, and each was accused as a principal and also as an aider and abettor. According to the evidence, both Cain and appellant took part in the shooting. If appellant shot at either Grant Leddington or Claude Leddington, he encouraged by such overt act the principal who shot Grant Leddington, and could be convicted as an aider and abettor. It was all one transaction. If a person is actually or constructively present at the time a felony is committed and renders assistance or encouragement to the perpetrator of the crime, with knowledge of his felonious intent, he may be convicted as an aider and abettor of a felony. The assistance or encouragement may consist of overt acts or oral expressions. Bradley v. Commonwealth, 201 Ky. 413, 257 S. W. 11; Combs v. Commonwealth, 224 Ky. 653, 6 S. W. (2d) 1082. The parties evidently were engaged in a common difficulty, the Leddingtons on one side, and appellant and Cain on the other. There is proof that appellant fired several shots, and, whether they were fired at Grant Leddington or Claude Leddington, such an overt act was likely to incite and stimulate his associate to the perpetration of the crime and constituted him an aider and abettor. He was not merely a passive observer, but an active participant in the affray which resulted in the death of the two Leddingtons, and what he did amounted to assistance and encouragement to the principal who committed the homicide.

On the first day of the November term of the Knox

circuit court, after the mandate of this court had been filed, the trial was set for the eighth day of the term, which was November 12, 1935. When the case was called for trial, the defendant filed his affidavit for a continuance. He stated, in substance, that he had been out of jail only 23 days, and had not had an opportunity to prepare his defense. It was stated in the affidavit, however, that subpœnas had been issued for his witnesses and placed in the hands of the sheriff. It was stated that two of the witnesses were sick, but there was no statement as to what their testimony would be. They had testified, however, on the former trial, and their testimony was available. The same attorney who represented him at the first trial represented him at the second trial, and, of course, was familiar with the facts. No showing was made authorizing a continuance.

Appellant complains because the trial judge participated in the trial by repeating questions that had been asked and answers that had been made. An example of this is where the trial judge repeated the answer of the witness after an answer had been given to the same question twice, and the question was asked a third time. Other instances of alleged improper participation in the trial by the trial judge are of the same nature. The complaints in regard to the conduct of the commonwealth's attorney are equally without merit. The conduct of which most complaint is made is this statement made during his closing argument to the jury:

"John, if you were shooting one and your buddy the other, weren't you aiding, abetting, and assisting in the killing of Leddington?"

In the first place, this did not constitute misconduct, since the statement was a proper deduction from the evidence, and was a legitimate argument. In the second place, the court sustained the defendant's objection, and instructed the jury not to consider it. It is true that the commonwealth's attorney then said, "That is in the instructions," and the court merely said to the jury, "You will go by the instructions," but, under the circumstances, no error was committed.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.