## Abshire v. Commonwealth.

Jan. 26, 1940.

W. A. Daugherty for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

Lonzy Abshire, his brother-in-law, Aubrey Slone, and his brother, Clayton Abshire, were jointly indicted and jointly tried for chicken stealing. Upon the case being called for trial, Slone and Clayton entered pleas of guilty, while Lonzy pleaded not guilty. The jury returned a verdict fixing the punishment of each defendant at confinement for two years in the penitentiary, and Lonzy alone appeals.

The motion for a new trial sets out five grounds, but as only two are argued in appellant's brief, we will consider only these two questions. (1) The verdict is flagrantly against the evidence; (2) instructions 2 and 4 are erroneous.

The record shows the following facts: On Saturday night, May 3, 1939, seven chickens worth from sixty to seventy-five cents each were stolen from Mrs. Letitia Belcher, who saw three men leaving her premises. One of these men was some 50 or 75 yards ahead of the other two and she did not recognize him and could not say whether or not he had chickens in his possession. She did recognize the two men behind him as being Clayton Abshire and Slone and they were carrying chickens which were "squalling." About dark the next afternoon Mrs. Belcher, in the company with the sheriff and one of his deputies, went to Lonzy's home and found two of her

chickens roosting under the floor of his house. These chickens had their tail feathers cut off and the feathers about their heads had been trimmed. She found three other of her chickens in some apple trees between Lonzy's house and Clayton's house, which were located near each other. Lonzy at first denied the chickens were at his house, but later said he had bought six chickens for $2.50 from Clayton and Slone the night before. When asked on Sunday afternoon by Mrs. Belcher if he had her chickens, Lonzy replied that he knew nothing about them. On cross-examination he gave as his reason for not then informing Mrs. Belcher that he had bought some chickens the night before, was because she did not ask him that question.

Clayton and Slone admitted stealing Mrs. Belcher's chickens Saturday night but denied that Lonzy had anything to do with the theft. They testified that after stealing the chickens they took them to Lonzy's home about 9 o'clock and he got out of bed and bought six of the chickens for $2.50. Lonzy's testimony was that he did not cut off the tail feathers and the feathers about the head of the chickens to disguise them, but that his wife did this so the chickens he bought could be distinguished from others running on the place which belonged to his sister.

From this statement of the evidence it is obvious this was a case for the jury. Where one is found in possession of stolen property, it becomes incumbent upon him to show how the property was acquired, Baker v. Com., 215 Ky. 772, 286 S. W. 1057; Phelps v. Com., 255 Ky. 655, 75 S. W. (2d) 217. Should such evidence not satisfactorily explain his possession of the stolen property, or if his explanation is not believed by the jury, his possession of the stolen property not only justifies that the case be submitted to the jury, but such fact is sufficient to sustain a verdict of conviction, Davidson v. Commonwealth, 219 Ky. 251, 292 S. W. 754. If the jury had believed the testimony of Lonzy, his brother and his brother-in-law, that the latter two alone were guilty of the theft, and that Lonzy had no connection therewith and that he purchased the chickens from them, he would have accounted for the stolen property being in his possession. But the jury refused to credit such testimony and instead accepted that offered by the commonwealth which refuted the proof offered by defendant. The jury is the sole judge of the evidence, and since we cannot

say its verdict is flagrantly against the evidence, it cannot be disturbed by us. Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575; Salley v. Commonwealth, 277 Ky. 330, 126 S. W. (2d) 438. Appellant relies upon Peay v. Commonwealth, 181 Ky. 396, 205 S. W. 404, and Smith v. Commonwealth, 257 Ky. 669, 79 S. W. (2d) 20, as supporting his contention that the verdict is flagrantly against the evidence. But the facts in the instant case are so different from those in the Peay and Smith cases as to prevent them from being controlling.

Criticism is made because the second instruction submits to the jury the question of Lonzy being an aider and abettor. Where one is indicted as a principal on a felony charge, he may be convicted as an aider and abettor, if he is actually or constructively present at the time of the commission of the crime and renders encouragement, aid or assistance by overt act or oral expression to the principal with knowledge of his felonious intent. Commonwealth v. Carter, 94 Ky. 527, 23 S. W. 344, 15 Ky. Law Rep. 253; Kinder v. Commonwealth, 262 Ky. 840, 91 S. W. (2d) 530. The fact that a third person was with the two who admitted the theft, and on the next day the stolen chickens in a disguised condition were found in the possession of Lonzy, coupled with Lonzy's conflicting statements concerning his possession of these chickens, fully justified the aiding and abetting instruction.

Appellant further complains of the fourth instruction wherein the court told the jury not to convict Lonzy if it believed he bought the chickens in good faith and without knowledge of their having been stolen. Where the instruction submitting the commonwealth's theory of the case is in such language that a juror can easily understand, and its negative fully covers the defense of the accused, it is not necessary to give an affirmative instruction embodying the theory of the defendant. Duvall v. Commonwealth, 225 Ky. 827, 10 S. W. (2d) 279. The second instruction told the jury clearly and in words easily understood by a layman that Lonzy could not be convicted unless the jury believed from the evidence beyond a reasonable doubt that he stole these chickens, or being then and there present, did aid and abet Clayton and Slone to do so. Therefore, it was unnecessary for the court to give the fourth instruction that Lonzy could not be convicted if he bought the chickens. However, this fourth instruction was not prejudicial to appellant

but was favorable to him since it pointed out to the jury his defense. There can be no just criticism that this instruction made reference to Lonzy buying these chickens in good faith and without knowledge that they had been stolen, since he could not be convicted under the indictment or under the second instruction even though he had knowingly received stolen property. The crimes of larceny and of knowingly receiving stolen property are not degrees of the same offense, although they may be joined in one indictment under Section 127, Criminal Code of Practice; Goodin v. Commonwealth, 235 Ky. 349, 31 S. W. (2d) 380. There was no count in the instant indictment charging defendant with knowingly receiving stolen property, therefore, he could not have been convicted of that offense under the present indictment.

Perceiving no error in the record which is prejudicial to appellant, the judgment is affirmed.