## Sizemore v. Commonwealth.

Feb. 21, 1941.

500

L. D. Lewis for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On this appeal from a judgment sentencing the appellant, George Sizemore, to confinement in the penitentiary for eight years following his conviction for the voluntary manslaughter of Ebb Gibson, the sole ground for reversal urged is that error was committed in the failure to give an instruction on the right of the appellant to defend his home.

The killing occurred about 6 o'clock P. M. on Sunday in the month of May, 1940, at the home of Taylor Sizemore, the father of appellant, in which appellant resided as a member of the family. The deceased, Ebb Gibson, in company with James Collins, went to the home of appellant in the morning and was in and out of the house, accompanied by appellant and Gibson, all during the day. It may fairly be inferred from the evidence that all present at the house, with the exception of appellant's mother, were drinking heavily, if not drunk. The only persons present at the time of the killing were the appellant, his father, the deceased and Collins. According to Collins, the four of them were seated around the supper table when appellant drew his pistol and shot Gibson in the back. At the first shot Collins started running but saw Gibson sinking down—another shot was heard by Collins after he went out the door. Appellant and his father testified that they tried to get Gibson to eat supper and that when Taylor Sizemore urged Gibson to eat Gibson knocked Taylor Sizemore down and hit him with his pistol and proceeded to "stomp" and beat him, whereupon appellant got his pistol from under the

head of the bed and shot him. In reply to a question appellant stated that he shot the deceased to save his father's life. After the shooting appellant came out the door and fired his pistol twice and stated that he had killed Gibson and his father and was looking for Collins to kill him.

The trial court instructed on the right of appellant to act in defense of his father but gave no instruction as to his right to act in defense of his home and it is of the failure to give such an instruction that complaint is made. It is apparent that there is no merit in this complaint since the right to act in defense of the home arises only where the security or sanctity of the home, as such, is invaded or threatened. In Hamilton v. Howard, 234 Ky. 321, 28 S. W. (2d) 7, 10, we said:

> "The right to act in defense of one's home is confined to cases of attempted forcible entry for the purpose of committing a felony or of inflicting great bodily harm or offering personal violence to a person dwelling or being therein, and to cases of attack or attempted attack on the home with firearms for any one of such purposes."

Perhaps the quoted language is rather restrictive in that it seems that the right to act in defense of the home might also arise where one, though lawfully in the home, is guilty of conduct justifying his ejectment or attempted ejectment from the home and he is injured or killed by the householder in resisting ejectment. But here we have the case of one who was a guest in the home and who had not been requested to leave and as to whom no attempt at ejectment had been made. Clearly, in these circumstances no instruction as to appellant's right to act in defense of his home was required. We have said many times that an instruction should be given only when the evidence justifies or requires it. Appellant's only attempted justification of the killing was that he acted in defense of his father. This being true, an instruction on this issue was all to which he was entitled.

Judgment affirmed.