## Bickett v. Commonwealth.

June 11, 1943.

Kirtley & Kirtley for appellant.

Hubert Meredith, Attorney General, and Arthur T. Iler, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Fulton—Reversing.

On this appeal from a sentence of seven years for voluntary manslaughter the contention is that a verdict of not guilty should have been directed.

On the night of December 6, 1942, a taxicab containing the driver and seven passengers was proceeding along 7th Street in Owensboro. One of the passengers was a drunken man, whom one of the women passengers knew as Smith—she did not know his first name, having known him several years previous only by his last name. None of the other passengers knew him and none of them knew how he happened to be in the taxi. The taxi was stopped by the driver in front of the appellant's home, near 7th and Crook Streets, and the drunken man was ejected by the driver, who attempted to collect fare from him. The appellant came out of his house to see what was going on. The drunken man staggered into him and mumbled some words. According to numerous witnesses for the Commonwealth the appellant then knocked the drunken man down. The taxi driver got in the taxi and started away. One of the girls in the taxi called out that the appellant was kicking the man and the driver stopped and backed up to where the altercation was going on. Several occupants of the cab and a woman residing next door to appellant said that they saw the appellant kick the drunken man two or more times and that he was apparently unconscious. The appellant then rubbed snow in the man's face and revived him. The man then started staggering away down the street.

An hour or so later Elbert Smith was found lying on the concrete portion of highway 60 about two miles from appellant's home. He was removed to a hospital and died shortly afterward. The physician who attended him said he had numerous bruises on his face, a deep cut on the bridge of his nose and one near his temple, bruises all over his chin, a scalp wound and some bruises on his arms and hands. The physician expressed the opinion that the injuries were produced by a man's fist and not by being struck by an automobile. He also expressed his opinion that the injuries, along with the fact that the man had been lying out in the cold, produced his death.

The appellant's version is that when the taxi stopped in front of his home he went out, thinking it was his

two sisters who were expected in a taxi. The drunken man cursed him and he slapped him with his open hand. The man fell down. He shook him and rubbed snow in his face to sober him up and the man started walking west on 7th Street. Two witnesses testified that about 9 o'clock they saw a drunken man standing in highway 60 near the point where Elbert Smith was found. They were driving to Evansville and had just passed a truck. After passing the truck they barely missed running over the man standing in the road. One of these men said he looked back and about the time the truck reached the point where the man was standing he saw the truck lights go out. He thought the truck hit the man but they were in a hurry and did not go back.

The coroner testified there were scraped marks on the body indicating that ''he had hit and skidded, and also this side was buggered up considerably.'' One of the man's shins ''looked like it hit three or four or maybe five inches and the skin jerked off of it.''

It is the contention of the appellant that the evidence failed to establish that the drunken man, Smith, with whom he had the altercation was the same man as Elbert Smith, who was later found lying in the highway and, consequently, that the Commonwealth failed to prove the corpus delicti. We think the contention must be sustained.

It is essential that the corpus delicti be proven. To establish it the prosecution must show that a death has occurred and that a criminal agency caused it. Hawk v. Com., 284 Ky. 217, 144 S. W. (2d) 496; Higgins v. Com., 142 Ky. 647, 134 S. W. 1135. And, of course, to sustain a conviction the burden is on the prosecution to prove beyond a reasonable doubt that a criminal act of the accused was the cause of the death.

We have searched the record in vain for any evidence tending to establish that the drunken man, Smith, with whom the appellant had the altercation was the same man as Elbert Smith, later found in the highway two miles from appellant's home. It was incumbent on the prosecution to prove that the man who was struck and kicked by the appellant died as a result of the appellant's action. All that was proven was that the appellant struck and kicked a man, Smith, and that an hour or so later Elbert Smith was found in the highway two

miles from the appellant's home in a dying condition under circumstances indicating that his death might have resulted from being struck by an automobile.

No witness who saw the altercation between the appellant and the drunken man saw the body of Elbert Smith and no one of these witnesses knew that the man struck and kicked by the appellant was Elbert Smith. There is not an iota of evidence of any kind, circumstantial or otherwise, indicating that Elbert Smith, the dead man, was the same Smith kicked by appellant. The mere fact that the two events happened in or near the same city on the same night and that the man involved in each event bore the name of Smith does not arise to the dignity of evidence. It was incumbent on the prosecution to establish every fact essential to show guilt to the exclusion of a reasonable doubt. This it failed to do.

We hazard the opinion that this is one of those instances where the Commonwealth had a case but failed to prove it. The prosecution, understandably, evidently assumed the identity of the two Smiths to be an established fact and, as is sometimes the case, failed to prove what it regarded as the obvious, but which, nevertheless, was an important element of guilt, requiring proof.

Reversed, with direction to grant the appellant a new trial and for further proceedings consistent with this opinion.