## Bolin et al. v. Commonwealth.

October 11, 1946.

Will H. Caylor and Joe E. Caylor for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellants, Johnnie and Burton Bolin, were jointly indicted for the murder of L. Helton. The indictment charged that appellants killed Helton either by wilfully striking him with clubs or some blunt instruments, or by maliciously running over him with a motor vehicle. A joint trial resulted in appellants' conviction of voluntary manslaughter and their punishment was fixed at confinement in the penitentiary for seven years.

The motion for a new trial assigned eight errors, but since we have concluded that one of them—the court should have directed a verdict in favor of appellants—is well taken, it will not be necessary to consider or discuss the other seven.

Appellants, who were brothers, and the deceased, Helton, were close friends, and the latter was living or visiting in the home of Johnnie Bolin and was wearing some of Johnnie's clothes at the time he was killed. Johnnie owned a one and a half ton truck which had lost the right door of the cab. The three men left Johnnie's home between 8 and 9 o'clock on the morning of February 13, 1946, and in the truck with them was Fred Taylor. They drove to Greenwood to Helton's sister's house, then they went to Parkers Lake where Helton bought a quart of liquor. They picked up a boy by the name of Vanover and drove him a distance of several miles to his home.

Helton had a bottle of whiskey besides the quart he purchased at Parkers Lake. He and Johnnie were drinking out of this bottle and when the truck reached a point where a side road connects highways 90 and 27, Helton got out of the truck and hid his quart of liquor in the woods, and they proceeded out the road to take Vanover home. Up to this time Johnnie was driving, but when they reached Vanover's house and let him out, Burton took the wheel and they started on the return trip to Parkers Lake. It seems that on the way to Vanover's home Helton had deposited in Billy Warman's mail box the bottle from which he and Johnnie had been drinking. On the return trip they stopped at the mail box, got the bottle and Helton and Johnnie resumed their drinking. Johnnie said he took three or four drinks at the mail box.

When the truck reached the point where the side

road connects highways 90 and 27, it was stopped and its four occupants got out and went into the woods to get the whiskey Helton had hidden, but they could not find it. By this time Helton was very drunk, scratched his left cheek on a tree or briar in the woods causing it to bleed, and had to be assisted back to the truck. Johnnie was intoxicated but could walk unassisted, while Burton was sober. Taylor got in a passing car driven by a brother of the Bolin boys, which the truck was to follow.

Johnnie got in the truck without assistance and Burton helped Helton in the right side of the cab and then got under the steering wheel, with Johnnie seated between him and Helton. Burton started the truck and had driven slowly for some 50 or 75 yards on his right side of the road down a slight grade when Helton fell out of the cab. In so doing Helton grabbed Johnnie, who in turn caught Burton by the arm in an effort to keep from falling and pulled Burton from under the steering wheel. Helton and Johnnie both fell out of the cab, with Johnnie lighting between Helton's legs and both landed in the ditch some four feet from the hard surface of the road. Burton lost control of the truck momentarily, which ran into the ditch. Evidently, it ran over Helton as his ribs were crushed and there were tread marks on his body. In addition to having his ribs crushed, Helton suffered a deep cut in his head, a broken neck and died instantly. Burton revived Johnnie by artificial respiration but similar efforts used by him on Helton, of course, failed.

There is not a line of evidence that there was any discord or trouble between appellants and deceased, or that a harsh word was spoken by any of them, or that appellants ever entertained anything but the kindest feelings toward Helton. On the contrary, the record shows the Bolin boys and deceased were the best of friends. Nor does the evidence disclose recklessness or even carelessness on the part of appellants, or either of them. Without fault on the part of either of the Bolin boys, Helton in his drunken condition started falling out of the right side of the cab, which was minus a door, and he very naturally grabbed Johnnie and pulled him out. Johnnie in turn instinctively grabbed Burton in an effort to keep from falling, thereby causing Burton to lose control of the truck. It was through no fault of

Burton's that the truck got out of his control, or that it ran over Helton's body.

Before one may be convicted of homicide it is not only necessary that the Commonwealth prove the corpus delicti, but that death resulted from some criminal agency, and it must be established beyond a reasonable doubt that the criminal acts of accused were the cause of the death. Bickett v. Commonwealth, 294 Ky. 671, 172 S. W. 2d 439; Hawk v. Commonwealth, 284 Ky. 217, 144 S. W. 2d 496. A conviction may be had upon circumstantial evidence, but such evidence must be stronger than a mere presumption. If the evidence relied upon for a conviction is as consistent with the innocence of the accused as it is with his guilt, it is insufficient to sustain a conviction. Pardue v. Commonwealth, 227 Ky. 205, 12 S. W. 2d 288; Tarkaney v. Commonwealth, 240 Ky. 790, 43 S. W. 2d 34, 39; Fyffe v. Commonwealth, 301 Ky. 165, 190 S. W. 2d 674; Jackson v. Commonwealth, 302 Ky. 227, 194 S. W. 2d 384.

This record shows that Helton met his death by accidently falling out of the open cab of the truck while drunk and without any fault on the part of the Bolin boys. The learned assistant attorney general who briefed the case for the Commonwealth, after an exhaustive and thorough review of the evidence, frankly admits that the verdict is not supported by the evidence. Should the evidence be the same on another trial, the court will direct a verdict in favor of appellants.

All other questions raised are expressly reserved and the judgment is reversed for proceedings consistent with this opinion.