## Jones v. Commonwealth.

April 27, 1948.

J. Milton Luker for appellant.

A. E. Funk, Attorney General, and Jo M. Ferguson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Appellant, Casey Jones, and Leonard Hunt were tried on an indictment charging them with a breach of the peace. Hunt was acquitted, but Jones was convicted and his punishment fixed at a fine of $50 and confinement for 30 days in the county jail. In due time Jones filed his motion here for an appeal, accompanied by a transcript of the record and a bill of evidence. He insists that the court erred in: (1) Not directing a verdict in his favor; (2) erroneously instructing the jury; (3) admitting incompetent evidence.

Chester Hurley, a constable of the first district of Laurel County, accompanied by his deputy, Emory Dezarn, in September 1947, went to East Bernstadt in the same county to serve some papers. The weather was warm and these officers were in their shirt sleeves. The officers resided at or near the county seat, London, which is some distance from East Bernstadt and they were not known in the latter place. Neither officer wore a uniform and neither was armed. Hurley testified that he had his official badge pinned on the collar of his shirt. Dezarn testified he carried his badge in his shirt pocket, and he did not know whether Hurley's badge was showing. None of the witnesses testifying in the case saw any badge on either of the officers until after the difficulty arose and they produced them upon demand.

The Officers saw George Watkins in a drunken condition on the street in East Bernstadt and arrested him without a warrant. Watkins requested the officers to take him to appellant, his friend and neighbor, so he could tell Watkins' wife of his arrest. Hurley testified that when they contacted appellant the latter said to Watkins, "Hell no, don't go with these fellows. * * * God damn don't go with those son-of-bitches anywhere." With that, Watkins began to try to get loose from the officers and a crowd followed them down the street telling Watkins not to go along. Dezarn's testimony corroborated that of Hurley concerning appellant's conduct, except Dezarn did not hear any profanity.

Appellant testified he did not know that either Hurley or Dezarn was an officer as they were not wearing badges, nor was either of them armed. When the officers brought Watkins to him he asked the latter if he

knew these men. Watkins replied in the negative and appellant then told him not to go with them. Thereupon, the officers showed their badges and appellant then advised Watkins to go with them. Appellant denied that he cursed the officers or used any profanity. He is corroborated by six or seven witnesses.

It is patent that the verdict is not flagrantly against the evidence and the court did not err in refusing to direct an acquittal. Hurley testified that appellant called him and Dezarn "God damn sons-of-bitches." Such words applied to another are reasonably calculated to provoke or excite violent resentment, thereby disturbing public tranquility, and constitute a breach of the peace. 8 Am. Jur. secs. 3 and 6, pp. 834, 835. See Delk v. Com., 166 Ky. 39, 178 S. W. 1129, L. R. A. 1916B, 1117, Ann. Cas. 1917c, 884, where is found an exhaustive opinion on the use and character of words which constitute a breach of the peace. The fact that the evidence is contradictory as to whether or not appellant used these offensive words and the further fact that his witnesses, who stated that he did not, greatly outnumbered the one witness for the Commonwealth who stated he did, does not authorize us to say that the verdict is flagrantly against the evidence. The Jury, not this court, passes on the credibility of the witnesses and the weight to be given their testimony. Moore v. Com., 301 Ky. 851, 193 S. W. 2d 448, 163 A. L. R. 1134.

The first instruction, which was the only one given except the one covering reasonable doubt, authorized the jury to convict appellant if he "* * * did wilfully and intentionally break the peace of Chester Hurley and Emory Dezarn, officers of the law, by cursing them, or threatening them * * *." This instruction is erroneous on two grounds: First, there was no evidence that appellant threatened Hurley and Dezarn; second, the instruction assumed appellant knew these men were officers when he told Watkins not to go with them. But appellant, corroborated by several witnesses, testified that neither of the officers was wearing a badge and he did not know they were officers. The instruction did not submit to the jury appellant's defense on this phase of the case.

An instruction must not assume a fact concerning

which there is a contrariety of evidence. Stanley's Instruction to Juries, sec. 25, p. 38. The instruction should present the law applicable to the proof, Crum v. Com., 284 Ky. 483, 144 S. W. 2d 1047; Sizemore v. Com., 285 Ky. 499, 148 S. W. 2d 341, and incorporate therein the defense of the accused; although it is not necessary to set out his defense in an affirmative instruction where it is plainly embodied and easily understood in the language presenting the Commonwealth's theory of the case. Duvall v. Com., 225 Ky. 827, 10 S. W. 2d 279; Abshire v. Com., 281 Ky. 470, 136 S. W. 2d 567. In view of the evidence, the court should have instructed the jury to convict appellant if he "did wilfully and intentionally break the peace of Chester Hurley and Emory Dezarn by cursing them; or if he knew, or by the exercise of reasonable diligence could have known, they were officers of the law and stated to the person they then had under arrest not to go with them."

Appellant complains as being incompetent the words and acts of the crowd which congregated when he advised Watkins not to accompany the officers, since he was not chargeable with their words or acts. His position cannot be sustained. This evidence was competent since it showed the effect of appellant's words upon public tranquility and bore directly upon whether or not he had breached the peace. However, the court should have sustained appellant's objection to Hurley's testimony that he "sneaked in to the County Judge and gave himself up." There is nothing sneaking or reprehensible in one charged with crime in surrendering himself; indeed, it is usually considered commendable.

There is merit in appellant's contention that it was prejudicial to him when the attorney representing the Commonwealth asked Watkins where he got the liquor which made him drunk and if he had not been with appellant; also, when appellant's witness, Susie Bailey, was asked by this same attorney if she was not the wife of the man who was caught with whiskey in appellant's car. Such questions had no bearing on appellant's guilt or innocence and could have been asked only for the purpose of prejudicing him before the jury. On another trial the court will not permit such conduct on the part of the attorney representing the Commonwealth.

Appellant's motion for an appeal is granted and the judgment is reversed for proceedings consistent with this opinion.