**Edward HARVEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Charles J. Lunderman, Jr., C. Ewbank Tucker, Louisville, Ky., for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Edward Harvey was tried on an indictment which charged him with the murder of Thomas Morton Smith. He was convicted of voluntary manslaughter and his punishment was fixed at confinement in the penitentiary for two years. On this appeal he seeks to reverse the judgment because the court erred: 1. In overruling his motion for a directed verdict; 2. in not giving the whole law of the case.

Harvey operated a grocery store at 1201 West Jefferson Street in Louisville, and made his home in the store building. Around midnight on April 27, 1957, Harvey heard some loud talking and cursing coming from rooms to the rear of the store which he rented to tenants. Harvey's version of the killing is that he went to the scene of the trouble and found Thomas Morton Smith was doing the loud talking and swearing; that he asked Smith to stop the disturbance and to leave, which Smith refused to do, whereupon Harvey stated he would call the police. As Harvey started to the side door to his store, Smith knocked him down and when he got up Smith struck him on the head. Harvey then fired two shots into the side of the building to frighten Smith and when Smith advanced on him with his hand in his hip pocket, Harvey fired the third shot into Smith's body. Smith immediately fell and died within a few minutes after he was taken to the hospital.

The Commonwealth introduced proof that Harvey first came out of his store, walked around behind it, then came back, entered the store and came right out again firing three shots at Smith, who fell after the first shot. No witness for the Commonwealth saw Smith strike Harvey or advance on him.

 The rule is that where accused admits inflicting the fatal wound and relies upon self-defense, he must convince the jury the killing was justified, unless the evidence of the Commonwealth shows facts establishing justification. Richie v. Com., Ky., 242 S.W.2d 1000; Taul v. Com., Ky., 249 S.W.2d 45. It is manifest in the circumstances presented by this record the court did not err in overruling Harvey's motion for a directed verdict.

Harry Elstone, deputy coroner, attempted to describe the organs in Smith's body which the bullet penetrated and to give his opinion that the wound caused Smith's death. The court properly excluded Elstone's testimony because he was not a physician. It is argued by Harvey that with Elstone's testimony out of the case, it is not shown the bullet wound caused Smith's death. Here Smith was shot near the middle of his body, immediately fell, was rushed to the hospital in an ambulance and died within less than a hour after he was shot. Therefore, any layman of average intelligence would know from his knowledge and experience that the bullet wound was the cause of death. In such circumstances it is not necessary to prove by a physician that the wound inflicted was the cause of death. Com. v. Sullivan, 285 Ky. 477, 148 S.W.2d 343, and authorities therein cited.

Harvey argues he was entitled to an instruction on the defense of his home, which the court failed to give. There is no testimony in the record that he shot Smith to repel an attack on his home or any of its inmates. True, Harvey testified that after Smith knocked him down, Smith followed him to the door of his store and struck him on the head and it was then that he shot in self-defense as Smith advanced on him with hand in his hip pocket. Under such facts Harvey was not entitled to an instruction on the defense of his home. Ponton v. Com., 269 Ky. 614, 108 S.W.2d 535; Robinson v. Com., 311 Ky. 242, 223 S.W.2d 897; Combs v. Com., Ky., 306 S.W.2d 269.

There is no merit in Harvey's contention that he was entitled to an instruction on involuntary manslaughter as the evidence plainly shows the shooting was intentional and in what accused insists was self-defense. Rowe v. Com., 206 Ky. 803, 268 S.W. 571.

For the reasons given, the judgment is affirmed.