Gail Powell **CROWE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1966.

Blake Page, Winchester, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Gail Powell Crowe was convicted of voluntary manslaughter and sentenced to confinement for twenty-one years. On appeal she urges that the evidence is insufficient to support the verdict and the instructions were erroneous.

Appellant was charged with the murder of Shirley Turner at the Crowe Restaurant in Winchester on the night of August 28, 1965. Gail and her husband, Kenneth, operated the restaurant in which beer was sold. Shirley and her husband, Asbury, went to the restaurant about 8:20 p. m.

Kenneth Crowe served each of them a bottle of beer. After they started to drink the beer appellant went to their booth and questioned Shirley as to whether she was old enough to drink beer. Appellant picked up the beer and took it to the bar. She refused to refund the money paid for the beer. According to Asbury, he told his wife to wait until Kenneth came out of the rest room and he would refund the money.

Asbury testified further:

"Well, Kenny he comes back out, and I said to Kenny Crowe, I said, 'Kenny,' I said, 'Gail won't give our money back and she took our beer,' and Kenny turned to Gail and said, 'Gail, give their money back and tell them to get the hell out of here,' so Shirley, my wife, turned to Gail and said, 'Well, if you're going to act that way about it,' said, 'I'll just get a warrant for you selling the beer to under

age.' Gail said, 'Go ahead, damn you,' said, 'I've had plenty more of them got.' "

He described the infliction of the death blow thus:

"Shirley throwed both hands up. Gail was walking up towards her, and Shirley throwed both hands up, but she never did tip her, and Gail come up overhanded and stabbed her with a knife."

He said the weapon used was a pocket knife with about six inches of blade and that appellant had it under a belt around her midsection.

The conclusion of the difficulty was described by Asbury as follows:

"When she stabbed her, Shirley clung to me and said, 'Oh, Daddy,' put her hand up there and we walked out. Kenny had the gun on me and walking out behind me, and I told Kenny, I said, 'Kenny, I'll be back,' and he said, 'Come back any time you want to,' said, 'I'm waiting on you.' "

Carol Osborne testified that Shirley's blouse was bloody as she passed by her on the way out of the restaurant. Shirley died about seven or eight minutes later from a stab wound about three to five inches above the right breast. Asbury testified that neither he nor his wife had made any threats or threatening gestures toward appellant or her husband. Some of appellant's witnesses said Shirley had pulled Gail's hair.

The appellant testified and introduced five witnesses. Four of these witnesses said that they did not see a knife or gun. Appellant's husband, the fifth witness, testified that he did not see a knife but he admitted pulling a pistol on Asbury. Gail testified that she took the beer from the Turners and refunded their money. She told the Turners, "You all can leave." She said she then turned, went back of the bar, and resumed drinking her beer. She denied that she stabbed Shirley and denied seeing her husband with a gun.

The testimony of Asbury Turner, corroborated in part by the testimony of other witnesses, shows that there was trouble in the restaurant, that Shirley received a fatal stab wound inflicted there by appellant, and that she was struck with a downward blow from an uplifted hand. Despite appellant's argument that many other witnesses were present and none of them testified to seeing the knife, the evidence was sufficient to sustain the verdict. Bartley v. Commonwealth, 300 Ky. 152, 188 S.W.2d 102; Bolin v. Commonwealth, 303 Ky. 75, 196 S.W.2d 870; Hendrickson v. Commonwealth, 314 Ky. 464, 235 S.W.2d 981. It is the duty of the jury to pass on the credibility of witnesses and in doing so the jury may believe one witness rather than many witnesses. Jones v. Commonwealth, 307 Ky. 286, 210 S.W.2d 956. From a reading of the record here, one is convinced that the jury was justified in reaching its verdict.

Appellant contends that the usual instruction on self-defense, which was given, was not enough and that she should have had an instruction on self-defense while evicting a disturber from a place of public entertainment. It should be noted that appellant denied the killing, made no claim to self-defense, and made no objection to the instructions when given.

The contention is sought to be based on Stephens v. Commonwealth, 295 Ky. 542, 175 S.W.2d 5, and Davis v. Commonwealth, Ky., 252 S.W.2d 9. In Adams v. Commonwealth, 292 Ky. 786, 168 S.W.2d 40, cited in Stephens, it is pointed out that such an instruction may be given when one in the exercise of such force as is reasonably necessary kills another to prevent an intruder from forcibly entering or remaining in the defendant's premises. In Harvey v. Commonwealth, Ky., 318 S.W.2d 868, under similar circumstances, denial of such an instruction was upheld because the usual self-defense instruction was considered sufficient. According to appellant's testimony she did not use any force to evict the victim but went back of the bar to her beer. The

stabbing of Shirley was the exercise of more force than was reasonably necessary to cause the Turners to leave the restaurant. There is no merit in the contention.

Judgment affirmed.