James E. HALL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 90–CA–2688–MR.

Court of Appeals of Kentucky.

Nov. 1, 1991.

Charles E. English, Jr., English, Lucas, Priest & Owsley, Bowling Green, for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, McDONALD and STUMBO, JJ.

HOWERTON, Judge.

James E. Hall was found guilty of reckless homicide (KRS 507.050) and driving under the influence (DUI), second offense within five years (KRS 189A.010). He was sentenced to two years in prison on the homicide conviction, and to 90 days in jail plus six months of community service and a $500 fine on the latter. The only two issues are whether there was sufficient evidence concerning cause of death to sustain the verdict, and whether Hall was subjected to double jeopardy because the proof used to establish the DUI charge was the same proof used to establish his reckless conduct in the homicide count. We affirm his conviction for reckless homicide, but vacate that portion of the judgment sentencing him on the DUI charge.

Hall got off work at 7:00 a.m. on July 14, 1990, and went with some co-workers to a parking lot to discuss some recent layoffs. Hall testified that he drank three or four beers over the course of four hours, then left at 11:30 a.m. to visit a friend. After determining the friend was not home, Hall started for his home by way of KY 1320. He stated that he saw the vehicle of the deceased, Selma Cummins, parked off the side of the road in front of the Jimmy Brooks' residence. He testified he did not see Mrs. Cummins. As he passed by the Cummins car, he heard a noise that sounded like something hit the truck. Hall said

he turned around and came back to the accident scene. A man in a vehicle following Hall also stopped and called for an ambulance. Mrs. Cummins died about seven minutes after being struck.

At trial, the Commonwealth attempted to introduce evidence of the cause of death and extent of Mrs. Cummins' injuries through the testimony of the deputy coroner, Tim Ward, who pronounced her dead. The trial court sustained Hall's objection on the basis that the Commonwealth had not established Ward's qualifications as an expert. *Cf. Warnell v. Commonwealth*, Ky., 246 S.W.2d 144, 147 (1952). The court stated that Ward could testify as to what he saw, like any other lay person, but that he was not qualified to state the cause of death.

■ Hall insisted and continues to insist that the Commonwealth may have proved the *fact* of death, but did not prove the *cause* of death, an element of the offense. However, it is not required that cause of death be proved by expert medical testimony only, but it may be proved by circumstantial evidence. If circumstantial evidence alone is relied upon, as in this case, the facts proved must be "such that any layman of average intelligence would know from his own knowledge and experience that the injuries were the cause of death." *Commonwealth v. Sullivan*, 285 Ky. 477, 480, 148 S.W.2d 343 (1941). *See generally* Annot., 65 ALR 3d 283 (1975).

■ In *Harvey v. Commonwealth*, Ky., 318 S.W.2d 868 (1958), the victim was shot and killed. At trial, a deputy coroner attempted to describe the path of the bullet in the deceased's body and to give his opinion as to the cause of death. The court excluded this testimony, and Harvey argued on appeal that without such testimony, it was not shown that the bullet wound caused the death. In rejecting this reasoning, the former Court of Appeals stated:

> Here [the victim] was shot near the middle of his body, immediately fell, was rushed to the hospital in an ambulance and died within less than an hour after he was shot. Therefore, any layman of average intelligence would know from

his knowledge and experience that the bullet wound was the cause of death. 318 S.W.2d at 870. So it is with the present case.

Barry Young testified that he was driving behind Hall when the accident occurred. Young had observed Mrs. Cummins get out of her vehicle, which was parked some 4 feet 2 inches off the travelled portion of the roadway. Young saw her close the door and begin walking alongside her car toward the front, when she was struck near her front left tire by Hall's right front fender. She was dragged 15–20 feet. The Commonwealth insists that the testimony of this witness that he saw her alight from her car, walk a few feet, get hit, and then die within a few minutes, is sufficient to put the cause of death before the jury.

In denying Hall's motion for a directed verdict, the court stated that there was no suggestion of any intervening cause of death, nor was there an extended period of time between Mrs. Cummins' being struck by Hall's vehicle and her death. We agree that the jurors are permitted to draw their own conclusions about cause of death under these circumstances. The cases of *Warnell, supra,* and *Commonwealth v. Inman,* 225 Ky. 667, 9 S.W.2d 1000 (1928), and others cited by Hall for this point, are not applicable because of the remoteness in time and the possibility of intervening circumstances between last seeing the victim alive and discovery of the body. For the foregoing reasons, the trial court's denials of Hall's motion for a directed verdict and motion for a judgment notwithstanding the verdict are affirmed.

■ Next, we consider the issue of double jeopardy. Hall failed to object at trial, but the protection afforded by the double jeopardy clause is not waived by such failure. *Walden v. Commonwealth,* Ky., 805 S.W.2d 102, 105 (1991). The Commonwealth used the results of Hall's blood alcohol reading of .13% and an eyewitness account of his pre-accident driving behavior to establish proof of the DUI charge. Hall's intoxication was also used to estab-

lish the element of recklessness or wanton conduct on the homicide charges. The case of *Walden, supra,* had been decided but was not final at the time Hall's brief was submitted. The Commonwealth concedes that *Walden* is dispositive of this issue and we agree.

In *Walden,* the Kentucky Supreme Court vacated a sentence for DUI when the defendant was also convicted of wanton murder where both crimes arose from the same accident, citing *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The double jeopardy clause provides that "[n]o person shall, for the same offense, be twice put in jeopardy of his life or limb." Ky. Const. § 13. A person is not subjected to double jeopardy when he is charged with two crimes arising from the same offense so long as each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). This is the *Blockburger* test. In *Grady, supra,* the Supreme Court rejected this test as the exclusive definition of "same offense." 110 S.Ct. at 2091, n. 8; *Walden,* 805 S.W.2d at 106. *Walden* recognizes that this test is too narrow to protect defendants from double jeopardy in all cases. *Id.* Here, as in *Walden,* the Commonwealth relied on the level of intoxication to prove the element of reckless conduct. Thus, we believe Hall was impermissibly subjected to double jeopardy.

For the foregoing reasons, the judgment convicting Hall of reckless homicide is affirmed. That part of the judgment imposing punishment for DUI is vacated. This action is remanded for proceedings consistent with this opinion.

All concur.