## Spencer v. Commonwealth.

### (Decided June 24, 1921.)

## Appeal from Calloway Circuit Court.

1. Criminal Law—New Trial—Newly Discovered Evidence.—As a rule a new trial will not be granted on account of newly discovered evidence which merely tends to impeach a witness, or to corroborate evidence which was given on the trial, but where the newly discovered evidence is of such a character as that it might have a decisive influence upon the result of the trial, a new trial may be granted.

2. Incest—New Trial.—The only evidence against one accused of incest was that of his daughter and all of said charges were denied by defendant. Where the affidavits show that the newly discovered evidence would be explanatory of motives on the part of the daughter having a tendency to prove a malicious purpose on her part, and contradictory of the testimony of the prosecutrix, and which reasonable diligence could not have anticipated or discovered, and where accused was confined in jail without the opportunity to prepare his case, was unable to employ counsel, and the chief attorney appointed by the court to defend him, who had prepared his case, was not present at the trial, the circumstances are such that the court should have sustained the motion for a new trial.

WELLS, WEAKS & HOOD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

We are enjoined by Criminal Code, sec. 340, to reverse a judgment of conviction for any error of law appearing on the record, if, upon a consideration of the whole case, we are satisfied that the substantial rights of the defendant have been thereby prejudiced.

The instant record presents facts calling for the application of the Code provision, *supra.* Defendant was indicted for the crime of incest, committed in January, 1920, upon trial was found guilty and sentenced to a term of ten years in the penitentiary.

Accused is poor and uneducated; being unable to employ counsel the court appointed Messrs. R. T. Wells and J. H. Weaks to conduct his defense. Upon the calling of the case defendant sought a continuance on the ground of the absence of one of his counsel, the one, according to the affidavit filed, who had specially prepared his case and who was possessed of facts not within the knowledge of co-counsel. Having been confined in jail defendant had no opportunity to prepare his defense and was compelled to depend solely upon his attorneys, and the absent one in particular, to interview the witnesses and to get ready for trial, nor was he able to account for the absence of his chief counsel. The motion was overruled.

Defendant's motion to have a stenographer appointed to take down the testimony was sustained upon condition one could be procured, and though it was impossible to find a reporter, the trial was ordered to proceed.

Motion and grounds for a new trial having been overruled this appeal has been prosecuted.

The only witness for the Commonwealth was appellant's daughter. She described the home where they lived; the family consisted of herself, her father, a younger sister and brother. The improper relations of which she testified occurred in the room of their home where they all slept. When asked, on cross-examination, who told her to report the matter to the court she said that Maggie Rogers first told her she ought to have her father arrested, and when asked if she had told Maggie Rogers about it she said no, it was not necessary, as she already knew it; that Maggie Rogers, Pearl Parker, her little brother and sister were sleeping in the room at the time and all of them knew what had occurred.

Accused, testifying in his own behalf, denied the charges. He also introduced two other witnesses who said they had known the family for some time and had never noticed anything improper on accused's part in his conduct towards his daughter.

One of the grounds for a new trial was newly discovered evidence, which was exhibited, (a) in the affidavit of Maggie Rogers, in which she states that she resided

in the Spencer home during the year 1920; she never saw any improper relations between accused and his daughter; nor did she tell prosecutrix she ought to have her father arrested; on the contrary, while she was in the home the father treated his daughter as any father should treat his child. This, as will be seen, is in direct contradiction of the testimony of the prosecuting witness that affiant was in the room at the time and knew what her father did; (b) affidavit of Mrs. William Rogers, who states that the prosecuting witness told her about two years ago she wished she could have her father put in the penitentiary, because she despised him. When asked why she made such a wish she said it was because he would not let her keep company with certain boys.

Both affiants state they did not communicate the substance of these affidavits to accused until after the trial, a fact which is supported by his affidavit.

Complaint is also made of the introduction of a letter which accused wrote his daughter just prior to the trial, the substance of which is that if the daughter went ahead with the prosecution she would probably be sent to the reform school, but in the letter he reiterates the statements theretofore made that he was not guilty of the charges against him; furthermore, that his daughter was trying to send him to the penitentiary because of something another had done. If competent as evidence the introduction of the letter could not have been prejudicial to defendant.

There are few more serious or heinous crimes than that with which defendant is charged and if guilty his punishment is none too severe. On the other hand the presumption of one's innocence must be overcome by means of a fair and impartial trial, which the law guarantees to all those accused of breaches of the criminal law. It is apparent from defendant's affidavit that he did not know, and by the exercise of reasonable diligence could not have known of the existence of the newly discovered evidence prior to the trial, nor was it discovered until the trial was concluded. Especially is this true in regard to the evidence of Mrs. William Rogers. Other than the information conveyed in the charge set out in the indictment, the Commonwealth is under no obligation to apprise accused of the nature of its proof, but it does not appear that by the exercise of reasonable diligence appellant could have anticipated his daughter would testify that the act with which he was charged oc-

curred in the presence of others unless we are to assume he was guilty and therefore must have known who witnessed his conduct. This record furnishes a good example of the principle that the courts should not indulge in any such assumption, because in the affidavit we have a refutation of the statement of the daughter, that Maggie Rogers was present when accused committed the offense for which he was indicted.

The evidence is not cumulative, and while a portion of it contradicts the prosecuting witness, it is such as is reasonably calculated to have a preponderating influence upon the verdict. The rule that a new trial will not be granted on account of newly discovered evidence which merely tends to impeach a witness or to corroborate evidence which was given on the trial, is not a hard and fast one, and there are exceptions to it, such for instance where the newly discovered evidence is of such a character as that it might have a decisive influence upon the result of the trial.

When we recall that the only evidence against accused was that of his daughter, and that he positively denies all of her charges it cannot be gainsaid that the new evidence, if true, would be explanatory of motives on the part of the daughter, having a tendency to prove a malicious purpose on her part and a motive for giving the false testimony, which, if true, would require a finding for the accused. The facts of the instant case are not dissimilar to those found in Breeding v. Commonwealth, 191 Ky. 228, 229 S. W. 372. There the accused had been confined in jail for a considerable period without reasonable opportunity to discover or know of the evidence offered as a ground for new trial.

Accused's inability to employ counsel; his confinement in jail, which prevented him from preparing his own defense; the newly discovered evidence furnishing a possible motive for the accusation and the denial of a material statement in the testimony of the accusing daughter, together with the other facts disclosed by the record, form such a chain of events as renders it impossible for us to say that accused's substantial rights have not been prejudiced. Under such circumstances we cannot suffer the verdict to stand.

The judgment is accordingly reversed for further proceedings not inconsistent herewith.