## Baker v. Commonwealth.

(Decided October 1, 1926.)

### Appeal from Madison Circuit Court.

1. Larceny.—Evidence held to make defendant's guilt of larceny of automobile accessories question for jury

2. Larceny.—Duty rests on possessor of stolen articles charged with larceny to explain his possession.

3. Criminal Law.—Court of Appeals cannot disturb verdict of conviction not palpably against evidence.

JOHN NOLAND for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under an indictment charging him with the offense of grand larceny, the appellant was convicted of the crime of petit larceny and from the judgment thereof he brings this appeal.

The sole ground relied upon for reversal is that the evidence is not sufficient to sustain the verdict. By its proof the Commonwealth established these facts: On a Saturday night in the month of September, 1925, W. B. Tate was compelled on account of a punctured tire to park his automobile he was then driving in a barn lot belonging to a Mr. Henry Bicknell. On the following day, Mr. Tate passed by the place where he had left his machine and discovered that it had been stripped of its tires, steering wheel, coils, wind shield, a spark plug and one rim. That night the car was moved from Bicknell's barn lot to a point 200 yards above the place where appellant lived. Suspecting the appellant, Tate had a warrant taken out for his arrest, and, in company with

the arresting officer, went to the place of abode of appellant and there discovered on appellant's automobile one of the tires which had been taken from Tate's machine and also the wind shield. The other tires were found in the back of appellant's car and hidden under the floor of the appellant's barn was found a rim which Tate claimed was the rim which had been taken from his machine. The coils and the spark plug were also discovered at appellant's place. According to the witnesses for the Commonwealth, the appellant first claimed, when these accessories were thus found, that he had bought them from a man who lived near Red Lick, but later stated that he got them from a man by the name of Morgan, whom he had never seen before nor since, and who lived in Clay County; further that appellant first stated he had bought the accessories a week or more before his arrest, but then changed the time to the preceding Friday night, with a further change to the preceding Sunday night. The Commonwealth also showed that appellant first said that the man from whom he bought these accessories had carried them to the appellant's place, but that appellant later said that Morgan, from whom he had bought them, brought them in an automobile to appellant's home. It was further shown that after his arrest the appellant endeavored to get Tate to dismiss this prosecution on his paying Tate for the accessories in question. On the other hand, the appellant testified and was corroborated by a brother, a cousin of his wife, and his nephew, that on Sunday night preceding his arrest an automobile became stalled in front of his home for want of gasoline; that the driver of the machine, who turned out to be a man who called himself Morgan, came to appellant's home to procure aid; that appellant furnished him a gallon of gasoline from appellant's car, whereupon Morgan informed appellant that he had some tires and stuff in the car which he would sell cheap, and that appellant thereupon bought these accessories which later turned out to belong to Mr. Tate. Appellant further said that the rim found under the barn floor, was given him by John Ballinger. The latter likewise so testified.

It is obvious from this statement of the evidence that this was a case for the jury. It is not denied that the appellant was found in the possession of articles which had been stolen from Tate. It therefore devolved upon

him to show that he had come by them innocently. Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029. Of course, if his proof is to be believed he did so. But the Commonwealth's proof of the many different explanations on appellant's part as to how and when he got these goods, and his efforts to get the prosecution dismissed, if believed, discredited the proof offered by him on the trial. Under the circumstances the jury had a right to disbelieve the appellant's proof, and since we cannot say that its verdict is palpably against the evidence, we cannot disturb it. Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575; Deaton v. Commonwealth, 211 Ky. 651, 227 S. W. 1001. The case of Blankenship v. Commonwealth, 147 Ky. 768, 145 S. W. 752, relied on by appellant, is so disimilar in its facts from the instant case as to afford no basis for appellant's contention that it is controlling.

Perceiving no errors prejudicial to appellant's substantial rights, the judgment is affirmed.