## Davidson v. Commonwealth.

(Decided March 25, 1927.)

### Appeal from Warren Circuit Court.

1. Larceny.—Evidence held to sustain conviction for taking and stealing two bales of wire fencing.

2. Larceny.—It is incumbent on one in whose possession stolen property is found to explain how he came by it.

3. Larceny.—Possession of stolen property, which is not explained satisfactorily to the jury, may alone be sufficient to sustain conviction for larceny.

4. Larceny.—Possession of stolen property, unsatisfactorily explained, is alone sufficient to justify submission of question of larceny to jury.

5. Criminal Law.—In prosecution for larceny, testimony of complaining witness and others, obtained by entering defendant's barn without his consent or without a search warrant, held not inadmissible; none of the parties having been an officer at the time of the entry.

6. Larceny.—Instruction authorizing conviction for larceny, if defendant feloniously stole and carried away property involved for the purpose of permanently depriving the owner of the possession thereof, held erroneous for failure to require finding that possession was taken without owner's consent.

7. Larceny.—Instruction authorizing conviction, if defendant feloniously stole property involved for the purpose of permanently depriving the owner of possession thereof, held erroneous for failure to require finding that defendant meant to convert the property to his own use.

THOMAS, THOMAS & LOGAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Turner, Commissioner— Reversing.

Appellant was charged with grand larceny, committed by feloniously taking and stealing two bales of wire fencing from Marion Sledge, of greater value than $20.00, with the felonious intention of converting the same to his own use and depriving Sledge of the same.

On his trial he was found guilty and sentenced to two years' imprisonment, and this appeal results.

The evidence discloses that Sledge in 1925 bought several bales of wire and placed them in his barn lot, and placed smaller wire around the stay wires of the bales for the purpose of identification. Some time later two of the bales were missing. After that he was at the home of Davidson upon other business, apparently not connected with any suspicion he had that Davidson had taken the wire. While there and near the barn of Davidson, he looked through the crack of an inclosed shed and saw some bales of wire which looked like that he had lost; the wire he saw was more or less concealed by a buggy which was over or about it, and possibly some other material. He went into the barn and recognized the wire, and thereafter took two neighbors with him and they all recognized it from the identifying marks theretofore put on it. Because of his other business with Davidson he did not upon the first occasion disclose to him that he claimed the wire; but upon a subsequent trip, after he had settled his business with Davidson, he asked him about the wire and asserted ownership of it.

Davidson told two or three conflicting stories about the wire and from whom he had gotten it, none of which were true, but on the trial testified that he had bought it from a junk dealer who came by his house looking for junk, and this evidence of Davidson is corroborated by a work hand then at his place. No witness testified to having seen Davidson take or carry away the wire, and the first ground for reversal is that it is insufficient to support a judgment of conviction. There is, however, complete identification of the wire found in appellant's possession, and convincing evidence that the same was stolen by some one from Sledge. Under such circumstances it is incumbent upon the one in whose possession the stolen property has been found to explain that he had come by the possession of the property innocently, and

if his explanation is not satisfactory or disbelieved by the jury, the fact of such possession not only justifies the submission of the case to the jury, but is sufficient to uphold a verdict of guilty. Baker v. Com., 215 Ky. 772; Davis v. Com., 191 Ky. 242.

But it is said that the evidence of Sledge and his companions, who entered the barn of defendant without his consent or a search warrant, and there found and identified the wire, was incompetent. Clearly the contention is not well taken; neither of the parties was at the time an officer of the law; and even if they may be regarded as trespassers, still any evidence disclosed to them while on his premises would be competent under many opinions of this court.

But we find the first instruction given by the court fatally defective. It authorized the conviction of the defendant if he

"did unlawfully, wilfully, and feloniously steal, take and carry away from Marion Sledge two bales of wire the personal property of said Sledge, and property of value, the same being of greater value than $20.00, for the purpose of permanently depriving said Sledge of the possession of same."

It is an essential element of the crime of larceny that the property should be taken from the possession of the owner without his consent. To take property from the possession of one with his consent, from the nature of things, cannot be larceny.

Nor did the instruction require the jury to believe that Davidson meant to convert the property to his own use, and that likewise is a requirement of such an instruction. Ford v. Com., 175 Ky. 126; Mearns v. Com., 164 Ky. 213; Triplett v. Com., 122 Ky. 35, Gregory's Crim. Law, sec. 317; Hobson & Blain on Instructions, sec. 778, et seq.

These things are elemental in the law of larceny, and we cannot uphold a conviction where the jury was not required to believe beyond a reasonable doubt that the property was taken without the consent of the owner. In this case there was no direct evidence that defendant either took or carried away the property from Sledge, with or without his consent; on the contrary, the defendant and another witness testified that he bought the wire from a junk dealer who came by his home with it in a

wagon. And while this evidence obviously was not accepted by the jury, it places the case upon such a plane as requires the giving of correct instructions.

Because of the error in the instruction, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.

Judge Logan not sitting.