## Moore v. Commonwealth.

(Decided March 22, 1929.)

C. A. DENNY for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of storehouse breaking, and sentenced to serve one year in the penitentiary. He appeals.

The sole ground relied upon for reversal is that the appellant was entitled to a peremptory instruction, because there was no evidence to sustain this conviction. The evidence for the commonwealth is briefly this. Some time between November 1 and 10, 1927, the store of Claude Rust at Dunmore, Muhlenberg county, was broken into in the nighttime, and a quantity of clothing, jewelry, and other merchandise was taken therefrom. About a month after the robbery there was found scattered around over the ground in some woods, and near to a public road, some clothing and other effects of the appel-

644

lant and of one Orie Welborne. Intermingled with this clothing and these effects were certain empty jewelry boxes which Rust identified by means of the cost mark written on these boxes in his own handwriting, as having been taken from his store. Although Rust would not positively state that these boxes were the boxes containing the jewelry which was stolen from his store when it was broken into, yet he says they were exactly like the boxes which were stolen, and he identified them as coming from his store. There is no pretense in this record that Rust had had any other jewelry boxes stolen, or that any had been otherwise taken from his store, so that it was for the jury to say whether these boxes were the ones which were stolen with the jewelry when the store was broken into. In a barn on a farm, where Welborne had left his automobile, in which it is conceded Welborne and appellant had since the robbery been riding around the county a good deal, with no well-defined objective in view, were found some suitcases. These suitcases had accompanied Welborne and the appellant on their aimless journeys in the automobile. In one of these suitcases, a red one, in which some jewelry boxes identified by Rust as having come from his store were found, there was also discovered a picture of the appellant, a metal identification tag with his name upon it, and an account book of his which covered an account he had with an installment house in Flint, Mich., where he had recently lived. According to the appellant, who of course denied that he had broken into the store or been near it, he and Orie Welborne were out riding one night, and, while traveling on this road which led through the wilderness in order to get from one pike to another, they ran out of gasoline. On this occasion, as formerly, they had the suitcases in the rear of the machine, but only one of them was his, and that one was a black suitcase; that when they discovered that they were out of gasoline they went in search of other gasoline; that they met a friend in an automobile, and then went on with him to the city of Hopkinsville, which we may say in passing was a good piece away and much further than it was necessary to go for gasoline; that they returned the next day and found that their machine had in the meantime been tampered with, the suitcases broken open, and the effects scattered around; that they had picked up all the effects which they could find and put them back in the grips, and that in so

doing possibly some of the appellant's effects got into Welborne's grips; that they left some of these grips with the farmer with whom they were found by the officers, but all that were left belonged to Welborne; that appellant took his own grip on with him to the home of his sister with whom he was visiting. Appellant gave a very unsatisfactory explanation of why he was making so many trips around in the automobile with Welborne, and why it was necessary for them on all these occasions to have so many suitcases with them. Under this evidence appellant urges that there was nothing upon which he could be convicted. In this we cannot agree. The fact that appellant's effects were found all mixed up with the jewelry boxes identified as having come from Rust's store not only where they were scattered upon the ground, but also in the suitcases which it is admitted had been for a long time in the same automobile with the appellant and Welborne, and in which they had made so many aimless trips about the county, was sufficient, unless explained away to the satisfaction of the jury, to establish possession of the stolen goods in the appellant. Such possession is always sufficient to sustain a conviction for the breaking. McFarland v. Commonwealth, 227 Ky. 411, 13 S. W. (2d) 277. Of course, if the jury believed appellant's tale, the coincidence of his effects and the jewelry boxes being found together was fortuitous. But the jury did not have to believe his story. In the ordinary course of human affairs, one's effects are found where one puts them, and the jury had the right to believe that the ordinary, and not the extraordinary, thing happened here. We find no merit in the contention of the appellant that he was entitled to a peremptory instruction, and, as this is the only ground he relies upon for a reversal, the judgment must be affirmed.