## Wright v. Commonwealth.

(Decided December 19, 1930.)

R. E. LLOYD and E. C. MOORE for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GEN-TRY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was charged by indictment with the offense of chicken stealing. The evidence showed that J. R. Hair had lost chickens on two occasions. He found the chickens with a poultry dealer nearby. The dealer bought the chickens in two lots from appellant. Appellant testified that he purchased the chickens from men on a boat going down Cumberland river, but he also told a different story about it on different occasions. He was corroborated in his claim that he bought the chickens from the men on the boat, but the corroboration was not strong. There was enough evidence to take the case to the jury. Conley v. Com., 230 Ky. 391, 20 S. W. (2d) 75; Brown v. Com., 226 Ky. 255, 10 S. W. (2d) 820.

Appellant relies on the case of Pardue v. Com., 227 Ky. 205, 12 S. W. (2d) 288, where it was held that a conviction on circumstantial evidence was not authorized unless the circumstances did more than to point the finger of suspicion at the accused. It is not a question of circumstantial evidence in this case. Appellant does not deny that he sold the chickens to the poultry dealer, and his sole defense is that he came into the possession of them lawfully. The jury was not compelled to believe all that he said about how he obtained the chickens, and the record discloses abundantly that he had told different witnesses on different occasions a different story about how he came into the possession of the chickens. The contention made by appellant that the evidence does not support the verdict cannot be sustained.

Another point urged is that the evidence does not show that the chickens were of the value of more than $2. It is shown that the man who bought them paid $7.45 for the two lots. He weighed them and paid accord-

ing to the weight. For the first lot he paid more than $3, and for the second lot more than $4. It is suggested that the taking of the chickens was on two separate occasions, and that the sale was on two separate occasions. No attempt was made to have the evidence confined to either one batch or the other, and, without deciding that such a ruling would have been proper if it had been requested, it is sufficient to say that the court committed no error in this respect.

The instructions given are attacked. In the first instruction it is pointed out that the jury was not required to believe, to the exclusion of a reasonable doubt, that appellant was guilty. This should always appear in such an instruction, but it is insisted by the commonwealth that the second instruction told the jury that, if it had a reasonable doubt of the guilt of appellant, it should acquit him. It was held in the case of Dennison v. Com., 198 Ky. 376, 248 S. W. 878, that an error in the first instruction because it omitted the words "beyond a reasonable doubt" and "would authorize a conviction on a mere preponderance of the evidence" was cured, where the second instruction told the jury to acquit unless defendant's guilt had been proved by the evidence beyond a reasonable doubt. The court should have given the instructions in the usual form, and the first instruction should have required the jury to believe beyond a reasonable doubt, because that is the best practice, but his failure to do so was not error when the second instruction immediately following required the jury to acquit if it had a reasonable doubt of appellant's guilt.

Another complaint about the first instruction is that it did not require the jury to believe that the chickens were taken from the owner with the intent to "permanently" deprive him of them. The word "permanently" was omitted, and without deciding whether that was an error for which the case would be reversed the word should be used in the instructions on the next trial, as it is a part of the old common-law definition of "larceny" that the taking must be with the intent to permanently deprive the owner of the property so taken.

The next complaint is that the instruction did not require the jury to believe that appellant took the chickens with the intent to convert them to his own use. It has always been a necessary element of larceny that the person taking the property must have done so with

the intent to convert it to his own use. The instruction was, therefore, erroneous in not embracing that element. The Attorney General so admits in his brief. The court has so held in a number of cases. Davidson v. Com., 219 Ky. 251, 292 S. W. 754, so holds and cites a number of other cases.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.