## Nelson v. Commonwealth.

(Decided Sept. 29, 1936.)

W. N. FLIPPIN for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Charlie Nelson was convicted of the crime of chicken stealing, and sentenced to a term of one year in the

penitentiary. It is argued in his behalf that the verdict. is not sustained by the evidence, and that instruction. No. 1 is prejudicially erroneous.

The evidence showed that Frank Beaty, a resident. of Pulaski county, lost five chickens in April, 1935. On the day after their disappearance they were located at. the home of appellant's father, who resided in the same neighborhood. Appellant testified that he purchased the chickens from a man named Blevins. He met Blevins during the afternoon, and arranged to meet him about 9 o'clock at a certain point on the highway when the chickens were to be delivered. He met Blevins at the appointed place and paid him for five chickens, which were identified on the following day by Beaty. Several officers testified that appellant stated when he was arrested that he had purchased chickens from Dora Bryant on the previous day, but from no one else. He admitted that he was in the neighborhood of the Beaty home on the night the chickens disappeared. He had never seen Blevins before the day the alleged transaction occurred, nor had he seen him since that time. The stolen chickens were found in appellant's possession, and his sole defense was that he obtained possession of them lawfully.

The rule is that possession of stolen property shortly after the theft is not only presumptive evidence of guilt, casting upon the accused the burden of showing his innocence by explaining his possession to the satisfaction of the jury, but is of itself sufficient to sustain conviction for larceny. Moore v. Commonwealth, 228. Ky. 643, 15 S. W. (2d) 434. The jury was not compelled to accept the appellant's explanation as true, and the circumstances were such as to authorize a finding that. the chickens had been stolen and that appellant was guilty of the theft. Not only was his reputation for truth and veracity assailed, but his explanation of his possession of the stolen property made at the trial was. not in accord with statements made by him at the time he was arrested. The facts are very similar to those in Wright v. Commonwealth, 236 Ky. 744, 33 S. W. (2d) 645, where it was held that the evidence was sufficient to sustain the verdict.

Appellant's criticism of the instruction presents a more serious question. The instruction failed to require the jury to believe that the taking was without the con-

sent of the owner. We have held in numerous cases that an indictment which failed to contain this essential element of larceny was fatally defective. Cohan v. Commonwealth, 262 Ky. 80, 89 S. W. (2d) 872; Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315; Page v. Commonwealth, 235 Ky. 657, 32 S. W. (2d) 17; Blackburn v. Commonwealth, 230 Ky. 603, 20 S. W. (2d) 441; Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8; Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71. Likewise in Davidson v. Commonwealth, 219 Ky. 251, 292 S. W. 754, under facts very similar to those in the instant case, it was held that failure to instruct the jury that they must believe beyond a reasonable doubt that the property was taken without the consent of the owner constituted reversible error. To the same effect are Wright v. Commonwealth, supra; Richards v. Commonwealth, 195 Ky. 333, 242 S. W. 591. On the authority of these cases, the judgment must be reversed.

Judgment reversed.