## Pengleton v. Commonwealth.

May 28, 1943.

C. P. Moore for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

The appellant, Kate Pengleton, was jointly indicted

with Ralph Smith on a charge of stealing chickens of the value of $2 or more in violation of section 1201c of the Kentucky Statutes (now KRS 433.250). Smith pleaded guilty and was sentenced to one year in the penitentiary. The appellant pleaded not guilty but was convicted and sentenced to one year in the penitentiary. It is contended that the evidence was insufficient to justify a submission to the jury and that a verdict of not guilty should have been directed.

The evidence for the Commonwealth was substantially as follows: Four setting hens owned by Herman Peters disappeared on Sunday afternoon, May 24, 1942. The next day the hens were purchased by Mrs. Nellie Montgomery, a merchant. Mrs. Montgomery testified that Ralph Smith came to the store, accompanied by the appellant and her 13-year-old daughter, Marie. ·Smith was carrying two of the hens and Marie the other two. Mrs. Montgomery weighed the hens and told Marie they came to $2.42. Marie said, ''He wants the money for them'' and Mrs. Montgomery gave the money to Marie. There was no evidence that the appellant received any part of the money—on the contrary it seems fairly certain that Marie gave the money to Smith. While the hens were being weighed the appellant said they were poor because she had to keep them up and sometime after the sale was completed she said she would not have to buy so much feed now. Smith had been living with the appellant for a year or more. She was married but her husband spent most of the time away from home. Her reputation for morality was shown to be bad.

Smith testified that he stole the chickens and that appellant took no part in the theft. He said he did not spend the night at appellant's home after the chickens were stolen but that he met appellant and her daughter while he was on the way to the store to sell the chickens and handed two of them to Marie to carry shortly before reaching the store. The appellant and her daughter testified to the same effect.

We have frequently held that possession of stolen property is sufficient to cast on the accused the burden of explaining his possession and that it is the province of the jury to believe or disbelieve the accused's explanation—in short, that possession of stolen property is ordinarily sufficient to sustain a conviction of larceny. Baker v. Com., 215 Ky. 772, 286 S. W. 1057; Davidson

v. Com., 219 Ky. 251, 292 S. W. 754; Phelps v. Com., 255 Ky. 655, 75 S. W. (2d) 217. But to sustain the conviction in the case before us would be an extension of this rule to an unjustified and illogical extreme. No actual possession of the stolen chickens by the appellant was established. The mere carrying of the two chickens by her daughter and her presence with Smith at the time the chickens were sold were insufficient to establish that she was in possession of the chickens. The evidence failed to establish that she exercised any control or dominion over the stolen property or that she received any part of the proceeds of sale. Her statements with reference to the hens being poor because she had to keep them up and that she would not have to buy so much feed were mere falsehoods designed to conceal Smith's theft of the chickens and were wholly insufficient to establish that she was in possession of them—the statements were unquestionably false because the hens had only been stolen the day before they were sold.

Further, in arriving at the verdict the jury necessarily indulged an inference from the actions of the appellant that she was in possession of the stolen property and then indulged an inference from the inferred possession that she was guilty of the theft. This was unwarranted. The jury may not in determining the facts base an inference upon an inference. When an inference is based on a fact, that fact must be clearly established and if the existence of such a fact depends upon a prior inference no subsequent inferences can legitimately be based upon it. Siemer v. Chesapeake & O. R. Co., 180 Ky. 111, 201 S. W. 469; Kelly v. Walgreen Drug Stores, 293 Ky. 691, 170 S. W. (2d) 34.

Reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.