## Tinsley v. Commonwealth.

May 2, 1950.

J. Wirt Turner, Judge.

746

Chat Chancellor for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

Appellant was convicted of 'grand larceny and sentenced to serve two years in the State Reformatory. On this appeal, he urges six grounds for reversal: (1) the court erred in failing to continue the case because counsel for appellant had not had sufficient time to prepare appellant's defense; (2) the lower court erred by failing to continue the case because of the absence of defendant's witness, Sam Ford; (3) the lower court erred in refusing to require the Commonwealth to admit the truth of the statements as to the testimony which would be given by the witness, Sam Ford, if he were present and under oath; (4) the court erred in admitting incompetent evidence over the objection of defendant; (5) the evidence was not sufficient to take the case to the jury nor to sustain the verdict; and (6) statements of the Commonwealth's attorney in his argument were prejudicial to the rights of defendant and require that the case be reversed.

Since we feel compelled to reverse the judgment because of the improper argument of the Commonwealth's attorney, and since some of the questions presented cannot again occur, and the evidence on the next trial likely will be different by the production or failure to produce the witness, Sam Ford, it is necessary for us to discuss only the fourth and sixth grounds assigned for reversal of the judgment.

When the case was called for trial, the defendant asked for a continuance supported by his affidavit that after due diligence he was unable to procure the presence of Sam Ford as a witness in his behalf. The affidavit recited the facts to which Sam Ford would testify if present at the trial. The court overruled the motion for continuance but permitted appellant to read the affidavit and admonished the jury that they would consider the facts stated in the affidavit as the absent witness's

evidence in the case as if he were present and testifying under oath.

Had the jury given full credence to the statements contained in the affidavit, they would have found appellant not guilty, because Ford's testimony as recited in the affidavit completely exonerated appellant of any guilt. In his closing argument the Commonwealth attorney made the following statements to the jury: "I don't believe there ever was such a man as Sam Ford; * * * Sam is the little man that wasn't there, and why do I say he was the little man that wasn't there? Well, is there in this record one single fact to prove that there is any such man as Sam Ford?" and "Well, now, if he had cashed it (a check) the fourth or fifth I would have thought something about Sam, but gentlemen, Sam is the little man that wasn't there."

Under section 189 of the Criminal Code of Practice, whenever an application shall be made by a defendant for continuance, based upon an affidavit stating the absence of a witness and the facts which such absent witness would, if present, prove, the attorney for the Commonwealth shall be compelled, in order to prevent a continuance, to admit that such absent witness would, if present, testify as alleged in the affidavit, although he no longer is required to admit the truth of the testimony. In Noel v. Commonwealth, 227 Ky. 578, 13 S. W. 2d 763 and cases therein cited, this Court declared that when an affidavit is filed with the understanding that it is to be read as the deposition of a witness, it is reversible error for the court to permit the Commonwealth to prove that no such person is in existence, and testimony to the effect that the absent witness is a fictitious person is inadmissible. Certainly an argument by the Commonwealth's attorney to that effect, which is not even based on evidence, must be deemed to be prejudicial error. Cook v. Commonwealth, 86 Ky. 663, 7 S. W. 155.

There are two grounds for pronouncing the Commonwealth's attorney's action erroneous and a third reason for declaring it to be prejudicial: (1) the argument is not supported by the evidence or any other part of the record; (2) had evidence been introduced over objection of appellant to support the argument, its introduction would have constituted error; and (3) the statement of the Commonwealth's attorney as to his personal

belief in respect to a material fact in the trial of a criminal case invariably bears more weight with the jury than any single line of evidence presented by witnesses who are not clothed with the authority of the office of Commonwealth's attorney. The jury well knows that the office of Commonwealth's attorney places its occupant in position to obtain information which he ofttimes is unable to introduce in the trial of a case, and any statement of his personal belief is received by the jury as an implication that the attorney for the Commonwealth has information in addition to that presented on the trial, upon which to base his conclusion. In Edwards v. Commonwealth, 298 Ky. 366, 182 S. W. 2d 948, 951 we quoted with approval from Berger v. United States, 295 U. S. 78, 55 S. Ct. 629, 633, 79 L. Ed. 1314:

" "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

" 'It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.' "

As was pointed out in the Edwards opinion, supra, the Commonwealth's attorney is related to the Commonwealth in the same degree that the United States attorney is related to the Federal Government. For these reasons the judgment must be reversed and since a new trial likely will be had, it is necessary for us to pass on the fourth ground for reversal; viz., the court erred in

admitting incompetent evidence over the objection of the defendant.

Appellant was tried on an indictment for grand larceny in allegedly stealing several lambs from the prosecuting witness Labon Jackson and his mother, Mrs. Alpha Jackson. The prosecuting witness was permitted to testify concerning information he stated was received by him from the Federal Bureau of Investigation in Louisville. This evidence was hearsay, therefore incompetent, and should not have been admitted in evidence. The witness D. Richard Ellis was one of several Shelby County farmers who recently had lost sheep. He was permitted to testify that he visited the barn of appellant in search of some lambs which had been stolen from him, and that he had found his lambs in appellant's barn. This evidence was incompetent as it did not establish a plan or design of the defendant in committing a series of crimes. It was simply evidence that appellant had committed a crime with which he was not charged in the indictment. On the next trial such evidence may not be introduced by the Commonwealth.

Our decision in respect to the other questions raised is reserved. The judgment is reversed for proceedings consistent with this opinion.