## CROUCH v. COMMONWEALTH.

Court of Appeals of Kentucky.
May 30, 1952.

G. D. Milliken, Jr., Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

LATIMER, Justice.

James Crouch was convicted of grand larceny and sentenced to two years in the penitentiary. He is here urging reversal on the sole ground that the court erred in overruling his motion for a directed verdict of acquittal.

He was charged with stealing a 1946 Mercury Club Coupe. The evidence shows that James B. Ashworth parked his car, which was the stolen car in question, in front of a funeral home in Bowling Green at approximately 9:00 p. m. Ashworth left the car keys in the car and went into the funeral home to see Vernon Sadler, where he remained a few minutes. Upon his return, the car was missing. He recovered his car in an undamaged condition about 11:00 p. m. at the City Hall. Besides Ashworth, who testified to the above, the only other witness for the Commonwealth was Policeman Lawrence Smith who testified that at approximately 5 minutes before 11:00 he apprehended the car which was being driven by James Crouch. Ashworth saw no one take his car and had no knowledge concerning the identity of the person who took it.

The evidence for Crouch showed that between the hours of 9 and 10 p. m. he was in the Main Street Grill and was not near the funeral home. While at this Grill he was notified that his wife had been hurt at the intersection of Main Street and the L. & N. Railroad tracks, a distance of about two blocks from the restaurant. Crouch testified that he went immediately to the scene of her injury and found that she had fallen out of a truck driven by a relative, Herman Green, and had suffered a large cut over her eye. He testified that oil had leaked out of the truck from which she had fallen and they were unable to move the truck, whereupon he went to the Holland Drug Store, approximately one-half block from the scene of the accident, to find someone to take his wife to the hospital. He stated that at the Drug Store he saw John Boston and inquired of him if he would take his wife to the hospital, whereupon Boston handed him the keys to a car parked in front of the drug store and told him: "I have got a couple of girls with me, but you can take my car and take her up there and bring it back." Crouch said he took the keys, took his wife to the hospital in the car, and after about 45 minutes at the hospital undertook to return the car to John Boston on Main Street.

He stated that when he drove to the Holland Drug Store he did not see John Boston; that he parked the car in about the middle of the block between Kentucky and Center on Main Street and went back to the drug store; he was unable to find Boston and decided he would drive around in the car to see if he could find him; that on the way back to the car he met Larmie Glass who accompanied him in the car to try to find Boston; and that after getting in the car they had driven about one-half block when they were stopped by the police.

James Oliver testified that he remembered the occasion and that Crouch was in the Main Street Grill during the entire hour between 9:00 and 10:00 p. m. and that he

left when someone came in and talked to him, evidently about his wife's injuries.

Crouch had asked for a continuance of the cause because of the absence of two important witnesses, John Boston and Vernon Sadler. The court overruled the motion for continuance and permitted the reading of the affidavit as to what Boston and Sadler had stated. The only slight contradiction in the testimony of the defendant was that at the conclusion of defendant's proof the Commonwealth re-introduced Patrolman Lawrence Smith who testified that James Crouch upon his being arrested had told him that he had borrowed the car from a boy on College Street but that he did not know who the boy was. Crouch admitted that he told the officer at the time of his arrest that he had borrowed the car but that he did not tell him he had borrowed it on College Street. On the above evidence the cause was submitted to the jury, resulting in the verdict heretofore mentioned.

Appellant quite candidly admits that evidence that the property was stolen and found in possession of accused raised prima facie presumption of guilt which shifted the burden and required him to overcome it by satisfactory explanation of possession of the stolen car. Rogers v. Commonwealth, 289 Ky. 83, 158 S.W.2d 144, 146. It is insisted that such satisfactory explanation concerning the possession of the stolen property was given and that the court erred in refusing to direct a verdict of acquittal. A careful reading of the Rogers case discloses that the facts are not quite in line with the facts of this case. It was stated:

"* * * We think that the evidence of appellant and the witnesses who fully corroborated him in all the details and facts establishes beyond peradventure of doubt that appellant purchased the hogs in question of the unknown man referred to by the witnesses. To hold that the evidence presented in this record is sufficient to sustain a conviction would be tantamount to holding that possession of stolen property is conclusive evidence of guilt rather than prima facie or a rebuttable presumption which may be explained. * * *".

More in line with the instant case is the rule found in Nelson v. Commonwealth, 265 Ky. 332, 96 S.W.2d 1009:

"* * * The rule is that possession of stolen property shortly after the theft is not only presumptive evidence of guilt, casting upon the accused the burden of showing his innocence by explaining his possession to the satisfaction of the jury, but is of itself sufficient to sustain conviction for larceny. Moore v. Commonwealth, 228 Ky. 643, 15 S.W.2d 434. The jury was not compelled to accept the appellant's explanation as true, and the circumstances were such as to authorize a finding that the chickens had been stolen and that appellant was guilty of the theft. Not only was his reputation for truth and veracity assailed, but his explanation of his possession of the stolen property made at the trial was not in accord with statements made by him at the time he was arrested. * * *"

Here, appellant's credibility was attacked by showing that he had been previously convicted of a felony and that he made statements at the time of his arrest which were not in accord with his explanation made at the trial. The jury was not satisfied with and did not accept as true appellant's explanation of possession of the stolen property. Also, there is the fact that, when arrested, appellant was carrying some clothes which he attempted to explain as clothes that were supposed to be taken to the laundry, although appellant had been in town since the early part of the afternoon and he still had the clothes in the car with him when apprehended at 11:00 that night. We conclude the court properly submitted the cause to the jury.

The judgment is affirmed.