## TINSLEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 7, 1952.

Rehearing Denied Feb. 6, 1953.

Writ of Certiorari Denied Oct. 12, 1953.

See 74 S.Ct. 22.

Funk, Chancellor & Marshall, Frankfort, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

The opinion on the first appeal of this case is reported in 312 Ky. 745, 229 S.W.2d 761, 762. On a second trial the defendant

again was convicted of the theft of certain lambs and received the same sentence of two years in the penitentiary.

We held on the first appeal that the Commonwealth Attorney had made prejudicial remarks to the jury in regard to an affidavit of the defendant, permitted by the court to be read to the jury, as to what the witness Sam Ford would testify if he were present. On the second trial the court excluded the affidavit. The defendant contends it was incumbent upon the court either to permit the introduction of the affidavit, or to grant a continuance. He also insists he was entitled to a peremptory instruction of not guilty.

When this court's mandate was filed in the lower court on October 2, 1950, the defendant moved for a continuance to the February, 1951, term. In support of the motion he filed his affidavit stating, in substance, he could not obtain a fair trial without the presence of the witness Sam Ford. It was stated in the affidavit that affiant believed Ford lived either in Gallatin or Carroll county but spent a major portion of his time in the state of Florida. The affidavit included a statement of what the alleged witness Ford would testify if he were present. The court heard testimony in chambers on the merits of the motion, at which time the Commonwealth introduced the affidavit of the county court clerk of Gallatin county that no person by the name of Sam Ford was registered as a voter in that county; the affidavit of the sheriff of Henry county, which adjoins Gallatin and Carroll counties, that no person by the name of Sam Ford was listed for taxes in that county; the affidavit of the county court clerk of Carroll county that no such person as Sam Ford was registered as a voter in that county, and the affidavit of the sheriff of Carroll county that the name Sam Ford did not appear on the tax rolls of that county and that he knew no one by that name. After the hearing on the motion the case was continued to the February, 1951, term of court.

At the February term the motion for continuance was renewed on the same grounds and another continuance granted to the May term.

The case was called on May 8, 1951, and set for trial for May 16. On May 16 the court overruled defendant's motion for continuance and refused to permit him to read to the jury his affidavit as to what the witness Ford would testify.

■ The defendant relies on Criminal Code of Practice, section 189, and those cases based on that section in which it has been said:

"Under section 189 of the Criminal Code of Practice, whenever an application shall be made by a defendant for continuance, based upon an affidavit stating the absence of a witness and the facts which such absent witness would, if present, prove, the attorney for the Commonwealth shall be compelled, in order to prevent a continuance, to admit that such absent witness would, if present, testify as alleged in the affidavit, although he no longer is required to admit the truth of the testimony."

This is the general rule. In fact, the quotation is taken from the former opinion in this case. But the rule is not inviolate as is shown by the language in Harrison v. Commonwealth, 266 Ky. 840, 100 S.W.2d 837, 841:

"the text in 16 C.J. 469, § 843, upholds the right of the court, in a criminal prosecution on an application for continuance because of the absence of witnesses, to inform itself as to the truth of such alleged testimony, and when the court is convinced that the absent witness will testify to no such facts as are contained in the affidavit it has the right, in furtherance of justice and to prevent a miscarriage thereof, to shape its rulings in accordance with a sound discretion controlled by the particular facts of the case, and which we are convinced is a wholesome rule and should be applied in order to prevent trifling with the court

by unscrupulous defendants who are shown to be guilty beyond a reasonable doubt and who are seeking a continuance for delay only."

■ The object of section 189 is to protect the rights of a defendant in event of the unavoidable absence of a material witness. Application of the rule ordinarily accomplishes a salutary result. It should be remembered, however, that all matters of procedure are subordinate to the one paramount rule that it is the duty of the courts to administer justice. The following quotation from the Florida case of Hall v. State, 70 Fla. 48, 69 So. 692, is apropos:

"Where the affidavit in a criminal cause for a continuance on the ground of the absence of witnesses complies strictly with the requirements of the rule in such applications, but the state, in opposition thereto, proves conclusively that no such parties as those named in the affidavit as the absent witnesses resided in the county where the crime was committed, and by proof makes out a strong probability that the parties named as the absent witnesses were not in existence anywhere, but were fictitious persons named as a ruse to secure delay only, the appellate court will not disturb the exercise by the trial court of the broad discretion vested in him in such cases in denying such application for continuance."

■ Here it was shown to the satisfaction of the court that there was no such witness as Sam Ford. We have made careful examination of the proceedings had on the motion for continuance and are of the opinion the court exercised a sound judicial discretion in this finding of fact. It follows that the court was correct in overruling the motion for continuance and in excluding the defendant's affidavit.

■ The Commonwealth's case is based on the fact the stolen lambs were found in defendant's possession. There is no direct evidence otherwise connecting him with the theft of the lambs. He denied the theft and attempted to show that the lambs found in his possession belonged to him. It is argued that his possession of the lambs raised only a presumption of guilt, and that since the evidence in his behalf rebutted the presumption he was entitled to a peremptory instruction. We cannot agree. In the recent case of Crouch v. Commonwealth, Ky., 249 S.W.2d 540, 541, it was said:

" 'The rule is that possession of stolen property shortly after the theft is not only presumptive evidence of guilt, casting upon the accused the burden of showing his innocence by explaining his possession to the satisfaction of the jury, but is of itself sufficient to sustain conviction for larceny. Moore v. Commonwealth, 228 Ky. 643, 15 S.W.2d 434. The jury was not compelled to accept the appellant's explanation as true, and the circumstances were such as to authorize a finding that the chickens had been stolen and that appellant was guilty of the theft.' "

The case of Rogers v. Commonwealth, 289 Ky. 83, 158 S.W.2d 144, relied on by defendant, is explained and distinguished in the Crouch case.

It was for the jury to decide whether defendant had satisfactorily explained the presumption of guilt raised by his possession of the stolen lambs. Two juries have refused to believe his explanation.

What has already been said disposes of the contention that the defendant has been deprived of due process of law.

The judgment is affirmed.