**Billy Joe MATHIS and Billy W. Jones, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

William E. Scent, Reed, Scent & Reed, Paducah, for appellants.

John B. Breckinridge, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The appellants were convicted on circumstantial evidence of the crime of breaking and entering the storehouse (a garage) of another (KRS 433.190) and each was given one year in prison. Neither appellant testified.

Appellants argue (1) they were entitled to a directed verdict; (2) trial error was committed in admitting certain hearsay evidence; (3) it was error for the trial court to correct the verdict in open court; and (4) they were and are entitled to have their conviction set aside or reversed under RCr 9.26 because their substantial rights have been prejudiced.

Donald Terry, who lived across the street from the Pennebaker Garage (the place broken into), testified that about 3 a.m., April 24, 1967, he observed two men leaving the Pennebaker Garage; that one man was tall and the other short and stocky; that they drove away in a light-blue Mercury automobile, a 1961 model with Tennessee license plates; that he immediately called Bob Hicks, chief of police of the town of Bardwell; that Hicks came to the garage immediately, and he and Terry found that the garage had been broken into and a safe opened. Hicks called the Kentucky State Police at Mayfield, Kentucky, and Police Officer Simmons at Cairo, Illinois, a town across the Ohio River from Kentucky. Hicks gave Simmons the description of the two men and the automobile Terry had described to him.

About fifteen minutes after Hicks' call, the Cairo police stopped a light-blue Mercury automobile, a 1960 model with Tennessee license plates. Two men were in the car—one tall and the other one short and stocky. The car was first observed crossing from Kentucky into Cairo, Illinois.

The jury did not hear evidence that appellants had in their possession some of the property stolen from Pennebaker Garage, with the name "Pennebaker" appearing on some of the property, as the trial court, for reasons not clear in this record, upheld the suppression of this evidence by an Illinois court. So for the purpose of testing the sufficiency of the evidence, we must assume that none of the stolen property was found in appellants' possession.

Appellants say this circumstantial evidence was not sufficient to convict them of the crime charged. Appellants argue that there are three U. S. highways that merge at Wickliffe and cross the Ohio River at Cairo, Illinois, and that one of those roads leads from Bardwell; consequently, appellants could have entered from either one of the other two merging highways.

Our latest word concerning the sufficiency of circumstantial evidence necessary to convict may be found in Moore v. Commonwealth, Ky., 446 S.W.2d 271 (decided October 17, 1969), and Brown v. Commonwealth, Ky., (decided October 10, 1969). See also Cissell v. Commonwealth, Ky., 419 S.W.2d 555, 557 (1967), from which we quote:

" 'When the evidence, even though it be circumstantial, affords fair and reasonable ground upon which the verdict of a jury might be rested, the case should go to the jury. It is only where the testimony in behalf of the commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that an accused is entitled to a peremptory instruction.' "

■ Here there was evidence that two men fitting the description of appellants were seen at 3 a.m., leaving the scene of the crime in a 1961-model, light-blue Mercury automobile with a Tennessee license; within an hour appellants, fitting the description of the men seen leaving the scene of the crime, were stopped and arrested some sixteen miles away, while traveling away from the scene of the crime in an automobile fitting the description of the get-away car in every respect except for the relatively unimportant year model, which is a common mistake, particularly as to older model cars. It seems to us that the evidence affords fair and reasonable grounds on which the verdict is rested.

We have examined the numerous cases cited by appellants in their able and exhaustive brief and find facts in none of those cases constituting the strong circumstantial evidence found in the present case.

■ Appellants next complain of the admission of evidence of Simmons, the Cairo officer, as to the specific content of the information he received from Hicks, the Bardwell police chief. It is said this is hearsay evidence. True, this evidence may have had a tendency to bolster the testimony of Terry, but it must be remembered that Terry's evidence is uncontradicted in this record. Terry did not say appellants were the men he saw drive away from the scene of the crime. Appellants do not deny any statement of Terry. They say by their "not guilty plea" that they did not break or enter the place, but they do not say that two other men, fitting their description and driving a like automobile, with like license tags, did not leave the scene. We think the admission of this evidence was harmless to appellants and did not prejudice their substantial rights as was found in Tinsley v. Commonwealth, 312 Ky. 745, 229 S.W.2d 761, cited by appellants.

■ Appellants next claim the proceedings surrounding the return and language of the verdict were erroneous.

The first verdict of the jury was, "We the jury have recommended a sentence for one year and recommend Judge to probate for five years. Signed J. R. Booker, Foreman."

After reading or hearing the verdict read, the court asked the jury the following question:

"* * * Let me inquire of the jury, is the jury finding both defendants guilty? Is that what you intend to do?"

To which the foreman replied:

"Yes sir, that is my understanding as foreman.

"THE COURT: And you fixed the punishment at one year in the penitentia-

ry and recommend that I probate them, is that it?

"THE FOREMAN: Yes. Your Honor, this is the first time I ever had any experience and I may not have worded it like it should have been. I did the best I knew how.

"THE COURT: I understand that. I will correct it. 'We the jury find both defendants guilty and fix their punishment at one year each in the penitentiary.' Now I have stricken through and written it this way and see if this is what you all want: 'We the jury find both defendants guilty and fix their punishment at one year each in the penitentiary and recommend to the judge to probate for five years. Signed J. R. Booker, Foreman.' Now then, let me ask each one of you. Mr. Hamilton, is that your verdict."

Then followed the polling of the entire jury commencing with Mr. Hamilton, at the conclusion of which the trial judge said:

"* * * Does the jury want to retire and rewrite the verdict? * * * All right, since you do not, the Court will now discharge the jury."

We think the action of the trial court simply made the verdict conform to the intention of the jury. The jury did not intend to fix their punishment without a finding that they were guilty. See Jackson v. Commonwealth, 303 Ky. 25, 196 S.W.2d 865.

The final argument is made that RCr 9.-26 entitled appellants to a reversal. They say that an accumulation of small errors, none of which taken separately but considered cumulatively, entitles them to a reversal of the judgment and cite Jones v. Commonwealth, 191 Ky. 485, 231 S.W. 31; Spencer v. Commonwealth, 192 Ky. 232, 232 S.W. 381, and James v. Commonwealth, 197 Ky. 577, 247 S.W. 945.

We do not find any errors prejudicial to the substantial rights of appellants entitling them to a reversal under RCr 9.26.

The judgment is affirmed.

All concur.