Joe CRUM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 14, 1971.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

John B. Breckinridge, Atty. Gen., Laura Murrell, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Joe Crum, was convicted of the offense of grand larceny and sentenced to confinement in the penitentiary for a period of two years. KRS 433.220. He alleges as grounds for reversal of the judgment (1) error of the trial court in overruling his motion for a directed verdict, (2) error in overruling his plea of former jeopardy and (3) error in the admission of certain testimony.

On the night of September 13, 1967, a 1965 Pontiac GTO Automobile was stolen from the lot of Pelphrey Auto Sales in Paintsville, Johnson County, Kentucky. Earlier in the day the appellant and a companion, acting as prospective purchasers, had driven the Pontiac and another automobile. Mrs. Carroll Pelphrey, wife of the owner of the business, testified that she had given appellant keys to both cars but that he returned only one set of keys.

On September 18, 1967, an abandoned automobile was found in Martin County, Kentucky. It was identified as the automobile stolen from the Pelphrey Lot and at the time of discovery, it was overturned, off the highway, in a remote area along Calf Creek and had been stripped of many parts including the wheels, radiator and transmission.

Within a short time after the discovery of the abandoned car, the appellant and four other boys were apprehended in a motor vehicle in Louisa, Kentucky. Officers found two automobile wheels and tires, a radiator and a transmission in the trunk of the car they were driving.

The appellant testified that he and his companions had overheard some talk that a car had been abandoned on Calf Creek; that they played hooky from school and drove to the location of the abandoned car.

Appellant's companions stated that they found the abandoned car, its parts stripped and scattered over the hill, and they put the radiator, the transmission and the two wheels in the trunk of their car. Although the appellant admitted his presence at the scene when the parts were placed into the trunk, he denied that he picked up any of the parts and he said that he did not know whether or not the abandoned car on Calf Creek was the same car he had driven at Pelphrey's Lot five days earlier.

■ A question is raised as to whether the evidence conclusively established that the wheels, radiator and transmission found in the automobile in which appellant was traveling at the time of his arrest were taken from the Pontiac GTO Automobile stolen from Pelphrey Pontiac Company and found abandoned on Calf Creek in Martin County, Kentucky.

Pertinent to this is the testimony of state police officer Robert Tucker who testified as follows:

"Q. 53 And did you later determine whether or not those parts had been taken from the '65 GTO that you found stripped which you had determined had been taken from Pelphrey Auto Sales?

"A.    Yes."

Objection was made to his testimony upon the ground that the question was leading and further that the testimony was not competent unless the officer showed what he did to make the determination. The objection was overruled subject to the right of cross-examination.

Appellant now contends that the response of the officer simply indicated that he had made a determination as to whether it was the same property but that the answer did not disclose the result of that determination. It is our view that the officer's testimony may be construed as

an identification by him that the parts found in the possession of the appellant and his companions had been taken from the Pelphrey Pontiac GTO.

In addition to the testimony of the trooper, the appellant's companions admitted that the wheels, radiator, and transmission found in their possession on September 18, 1967, came from an abandoned automobile found off the road in a remote section of Martin County on Calf Creek. It was established that the Pontiac stolen on September 13th was found abandoned off the highway in a remote area on Calf Creek on September 18th. This evidence, though circumstantial, is convincing that the vehicle from which the appellant and his companions removed the parts was the same vehicle stolen previously from Pelphrey Pontiac. Add to this the highly incriminating circumstance that the appellant had obtained a set of keys to the car on the day that it was stolen and the circumstances point the finger of guilt unerringly to the appellant.

Evidence of possession of stolen property is sufficient to sustain a conviction for the theft unless it is established conclusively that the possession was obtained in a blameless manner. Fleming v. Commonwealth, Ky., 419 S.W.2d 754 (1967), Bower v. Commonwealth, Ky., 357 S.W.2d 333 (1962). Even though the testimony of the accused was uncontradicted, he is not entitled to a directed verdict because the jury was not compelled to accept his explanation. Crouch v. Commonwealth, Ky., 249 S.W.2d 540 (1952), Burke v. Commonwealth, Ky., 249 S.W.2d 764 (1952).

■ Before any evidence was heard, the appellant objected to the trial on the ground that he had been tried and convicted in the Martin Circuit Court for an offense arising out of the same transaction and that another trial for an offense arising out of the same transaction would place him in double jeopardy. No evidence was introduced concerning this matter. Neither a judgment nor an indictment of

the Martin Circuit Court was shown in evidence and the appellant did not testify as to any of the circumstances of a former conviction. The trial judge, also the presiding judge of the Martin Circuit Court, acknowledged that appellant had been convicted in the Martin Circuit Court on a charge relating to the stripping of parts from an automobile, a misdemeanor, and he overruled the objection upon the basis of his own knowledge of the matter.

The larceny of the automobile in this case occurred in Johnson County, Kentucky, and was completed with the theft of the automobile. Although the appellant may have been charged with a misdemeanor for stripping parts from a stolen vehicle in Martin County, Kentucky, and convicted therefor, there is nothing in the record of this case which shows the precise offense charged there or the circumstances surrounding it. Absent such a showing, there is no basis upon which the ruling of the Johnson Circuit Court can be disturbed.

■ The final claim of error by the appellant is that the court erred in permitting Mrs. Carroll Pelphrey to testify as to the value of the stolen property. Mrs. Pelphrey was the wife of the owner of the business, worked with him in the business and indicated that she was familiar with the amount of money that they had paid for the automobile and likewise indicated familiarity with the book used by automobile dealers for establishing prices on used cars.

Her testimony with respect to the value of the car was as follows:

"Q. 21 Do you have any idea as to the approximate value of the car?

BY MR. GREENE: Object unless he qualifies her as an expert on automobiles.

BY THE COURT: The value of the car taken, you mean?

Withhold that and see.

BY MR. GREENE: The test would be before and after value.

BY MR. RICE: It would not be any before and after value. It would be the value at the time of the taking.

BY THE COURT: It would be the value as of the time, that's right.

"Q. 22 Are you familiar enough with your husband's business that you know what the car was priced at on your lot?

BY MR. GREENE: Object to that.

BY THE COURT: Fair, reasonable market value if she knows what it was at the time, go right on, immediately before it was taken, if she knows.

"Q. 23 With your husband being in the car business, both used and new cars, are you familiar with the value of automobiles on the market?

"A. Just by using the book that we go by and buying and all.

"Q. 24 Did you know or were you acquainted with the value of the car that was taken?

"A. Not at the time, right then, I wasn't, until we consulted the book to see, and of course, I knew what he had in it.

BY MR. GREENE: Objection. She, by her own testimony, doesn't know.

BY THE COURT: Withhold ruling.

BY MR. GREENE: Except.

BY MR. RICE: Go ahead and tell what the value was as you had determined in consulting with your husband.

BY THE COURT: Withhold ruling.

"A. It was Twenty-Two Hundred Dollars ($2,200.00).

BY MR. RICE: I believe that's all."

KRS 433.220 provides that the theft of an article of the value of more than $100.00 constitutes the offense of grand larceny. Although Mrs. Pelphrey, at the time the car was stolen, may have had some doubt as to its exact value, we believe her testimony shows that at the time of the trial she had sufficiently familiarized herself with its value and her testimony was competent to establish a value in excess of $100.00.

The judgment is affirmed.

All concur.